## Case No. 4,643.

FANSHAWE v. TRACY et al.

[4 Biss. 490.][1]

Circuit Court, N. D. Illinois. April, 1868.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DRUMMOND, District Judge. The question argued is of considerable practical importance.

The practice in this district has been, when affidavits are presented charging a person with the violation of an order of the court or of an injunction, for a rule to show cause to issue, requiring him to appear in court and furnish some good reason why an attachment should not be issued against him. It has also been supposed to be within the power of the court to issue an attachment in the first instance without the necessity of a rule to show cause.

A bill was filed by Edward R. Fanshawe against the Chicago, Rock Island & Pacific Railway Company [John F. Tracy] and other parties, in March last, and, as the bill asked for an injunction among other things, some of the parties appeared in court, and the usual order was taken according to the practice of the court, that nothing should be done prejudicial to the rights of the plaintiff until the motion for an injunction should be heard.

This practice has been very commonly adopted where the plaintiff or the court is not ready to hear the motion, or to enable the defendant to prepare for the hearing, so as to protect the rights of the plaintiff. It has been supposed that in this way the rights of all parties would be protected; and, where special injunctions are asked, the act of congress (Stat. 334, § 5) and the rule of the court require that notice shall be given. In this way all parties have an opportunity of being heard before the injunction is issued. At the same time, it is apparent that irreparable injury might be done to the rights of the plaintiff, provided the order of the court which is entered in such case should be disregarded. Therefore it is that this practice has prevailed—a practice which I must think is a salutary one and calculated to promote justice.

After this order was made, a supplemental bill was filed. New parties were added and some new facts were stated. There were such circumstances stated in the supplemental bill, that, on application of the plaintiff, an attachment was issued

against certain parties, and a rule to show cause issued as to others, for an alleged disobedience of an order of the court.

I do not propose at this time to go into the propriety of the order of the court then made. In point of fact, none of the parties against whom the attachment was directed have been arrested, and some of the parties against whom the rule to show cause was entered have appeared and filed affidavits. All of the parties, or nearly all, have appeared and have objected to the order of the court made at the time, on various grounds which I propose now to consider.

In the first place, it may be necessary for us to examine the ninetieth rule of the supreme court in cases of equity, because it is upon that rule that the parties rely, as showing that the practice adopted by the court in this case was irregular and improper and ought not to have been adopted. That rule is as follows: "In all cases where the rules prescribed by this court or by the circuit court do not apply, the practice of the circuit court shall be regulated by the present practice of the high court of chancery in England, so far as the same may reasonably be applied, consistently with the local circumstances and local convenience where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice."

Of course the first question is: What was the rule in England in the high court of chancery?

Mr. Daniell says, "The remedy in the event of the breach of an injunction or restraining order is by committal." 2 Daniell, Ch. Pl. & Pr. 1683. "The order for committal is obtained upon motion, of which notice must have been duly served personally upon the person committing the contempt," and it is to be observed that "the terms of the notice of motion should be that the party 'may stand committed' * * * for breach of the injunction" (2 Daniell, Ch. Pl. & Pr. 1685), and not that he may show cause why he should not be committed.

Rather refined reasoning, it must be confessed. The notice must be that the party may stand committed, and not that he may show cause why he should not be committed. "The plaintiff may also, it seems, obtain an order ex parte, that the defendant may stand committed on a certain day unless he shows cause against it, which order must be personally served upon the party to be committed." Daniell, Ch. Pl. & Pr. So this is an addendum which has been made under the practice in England, according to this order, that the plaintiff may obtain an order ex parte that the defendant may stand committed on a certain day unless he shows cause against it; that is, the party may take a rule nisi.

It would seem that, so far as the defendant is concerned against whom the proceeding is sought, it is not really worthy of controversy, whether he is served with a notice that the motion will be made in court that he stand committed for a breach of the injunction, or is served with a rule to show cause why an attachment should not issue against him for the breach. If there is any difference, the latter is in his favor, being not so direct and peremptory as a notice of a motion that he be committed, because when that motion is heard, unless he gives a satisfactory reason, he is committed of course; whereas, in the other instance a rule to show cause might be asked in the first place, then an attachment be issued, and, when brought in under attachment, he has a right to purge his contempt. In the first place, then, the court may refuse to issue the attachment, and secondly, the court may refuse to commit when the attachment is returned.

In the last instance, different from what it is in the other, when the notice is given that he stand committed, the party may pay no attention to it; the court may not have absolute power over the offender; but where the attachment issues, and he is brought into court, if he does not purge himself of the contempt, then the court has control over him; and so concerning that rule there does not seem to be very much difference in the mode of practice.

Mr. Justice McLean has said (Worcester v. Truman [Case No. 18,043]), that a rule to show cause why an attachment should not issue for breach of an injunction, was not the mode of proceeding in that court, but that it should be a motion that the defendant stand committed for the breach of injunction and notice given of that motion, following in this respect a case decided by Lord Eldon which (Angerstein v. Hunt, 6 Ves. 488), however, seems to have been a modification of the old practice, because Mr. Daniell admits that the old practice was that the attachment might issue and not notice of the motion; that is, the attachment might issue in the first instance.

Mr. Justice Miller has also followed the decision of Lord Eldon and of Mr. Justice McLean in holding that there should be a notice of the motion that the party stand committed for the breach of the injunction. Gray v. Chicago, I. & N. R. Co. [Case No. 5,713].

As I have already said, there is a great deal of refinement in the distinction between the two cases.

The practice in this district for twenty years, and perhaps longer, has been for a rule to show cause to be entered in the first place; and the question is whether this comes so directly in collision with this 90th rule of the supreme court, that, after a rule to show cause has been issued, we are to abandon the whole proceedings, and quash them simply upon that ground.

I think that the case comes directly within the 90th rule of the supreme court, which is

that where the rules prescribed by "that court, or by the circuit court do not apply," the practice in the high court of chancery in England, is to apply. If there be a distinct rule of this court applicable to this case, it is within the exeception of the 90th rule, and the practice of the court, I think, is to all intents and purposes the rule of the court. Certainly the difference between the two is not so material, nor important, nor attended with such serious consequences, as to make it indispensable that the court should drop a practice which has been followed for so many years, and for the reason that I have already given. It is really a distinction without any substantial difference,—a notice of motion why the party should not stand committed for contempt, or a rule to show cause why an attachment should not issue. Whatever difference there is, is in favor of the defendant.

I do not, therefore, feel inclined, simply because a different practice has been followed in other districts, to abandon a practice which has been pursued for so many years in this district. I have no sort of objection, certainly, that the practice of the court should be in accordance with the practice adopted by Judge McLean in Ohio, and Judge Miller in Iowa. I submit the question to my brother judge, and if he thinks there is any material difference, and that it is desirable the practice throughout the districts should be uniform, I am perfectly willing that the practice in this district should conform to that of other districts. But still, it is simply a matter of practice, the courts reaching the same conclusion in a little different form, and in no essential particular jeoparding by the change of form the rights of the parties.

Besides, the language of the rule is express, that the practice of the high court of chancery of England is not to be regarded as positive rules, but as furnishing just analogies; so that it would be competent, I apprehend, for this court to adopt its own practice in relation to this matter. If it were a question de novo, coming up for the first time, it would still be competent for this court to make its own rule upon the subject, even under the express authority of this 90th rule in equity.

This being so as to the first point, the next question is, whether it is competent for the court to issue an attachment in the first instance, instead of a rule to show cause.

The practice has been very general to issue in the first instance a rule to show cause. At the same time, as I apprehend, it has not been doubted—and I do not feel inclined now to doubt, even after the argument of the counsel in this case—that the power exists in the court, under circumstances where in its opinion such an order is necessary, to issue an attachment in the first instance without issuing simply a rule to show cause. I think the practice in this state is quite common, in the courts of chancery, for an attachment to

issue in the first instance. It certainly was familiar to me in my practice when I was at the bar, and some cases have been cited from the supreme court where it appears to have been done. Though it is not and ought not to be regularly done, I cannot doubt the right of the court to issue the writ, and it seems to me that there might be circumstances where the court would be shorn of its power to give remedial justice unless it possessed the authority to issue an attachment.

That being so, it is simply a question of discretion on the part of the court. Of course it is always competent for the parties to come in and ask the court to revise its judgment and opinion in a particular case, and it will always afford me pleasure to give counsel an opportunity of being heard in any such case.

Then, as to the effect of the supplemental bill which was filed: It is claimed that that was a waiver of the order of the court. I do not well understand how that could be true in this case, because after the order of court was made upon the filing of the original bill, the supplemental bill, containing allegations which appealed to the court for its remedial power over the parties, was filed for the purpose of compelling them to observe the order of the court already made. It would be a singular state of facts that an amendment to a bill in which the court was called upon to interpose its strong arm to enable a party to have redress in a particular case was to operate ipso facto to defeat the whole object sought. I concede that there may be cases of an amendment to a bill, or of a supplemental bill, where it would be a waiver of an order of the court or of an injunction, as in the case cited where the party was under an order to answer, and an amendment of the bill was made which would affect the answer. In such a case as that it would undoubtedly be a waiver of the order to answer, and if the party was in contempt it might be a waiver of the contempt. The true rule, I take it, is this; that, where the amendment to the bill or character of the supplemental bill affects substantially the order of the court, and brings up facts which are inconsistent with the action of the court, that would constitute a waiver of the contempt or of the injunction, but not otherwise.

Then, as to the third point: That point is, I apprehend, well taken. It was not the intention or the purpose of the court that this order should operate upon any other party or corporation than those within the jurisdiction of the court, and who had had notice of the proceedings in court. It was not intended to operate upon any foreign corporation.

Perhaps it may be proper for me to make a few remarks upon the general scope and effect of the proceedings for contempt, about which there seems to be some difference of opinion. As I understand it, a party against whom proceedings for contempt are instituted—a party who has conducted himself in

such a way as to justify the court in punishing him for contempt, or for the disobedience of its order—has committed an offense against the United States. The court is the mere instrument, or organ, of the government, in punishing the person for the offense which he has committed. As I said during the argument, if he is imprisoned by order of the court, it is the act of the United States. The United States is the custodian of his person. If he is fined by the court, the fine goes to the United States, and although it may be a proceeding growing out of a civil action, it is distinct in its character in many of its essential particulars. The parties may not have, do not have, absolute control over that proceeding. The United States is the party to the proceeding, and not the mere defendant or plaintiff upon the record. It is not a crime in one sense, but it partakes of the nature and character of a crime, and I do not see, with all due respect to some of my brother judges who differ from me, why, if a man is imprisoned for a contempt of a court of the United States, and breaks jail and escapes into another state, he cannot be arrested and returned to his imprisonment under the authority of the United States.

The supreme court of Pennsylvania, in a case which was quite notorious at the time, —the Case of Williamson (26 Pa. St. 9), where the district court of the United States had imprisoned a party for a contempt of the district court,—says, on an application to release him from his imprisonment, "The commitment shows that he was tried, found guilty and sentenced for contempt of court and nothing else. He is now confined in execution of that sentence and for no other cause. This was a distinct and substantive offense against the authority and government of the United States." If it is not, what is it? What is the nature and character of the offense that the party has committed? Is it an offense against a party to the suit? Not so. It is true that the party to the suit may ask the punishment of the offender, with a view of promoting the civil remedy, but that is not the sole object sought in punishing the offender. That is not the meaning of the law of the United States which declares that a court can punish the offender by fine and imprisonment, and as to the law of 1831, which was referred to, the power of the court as to this is not changed by that law. The supreme court of Pennsylvania further says in the same case, "It must be remembered that contempt of court is a specific criminal offense." I do not go quite so far as that, but I say that it partakes of the nature of a criminal offense.

But the supreme court of the United States, in Ex parte Kearney, 7 Wheat. [20 U. S.] 38, speak of the punishment, not as a judgment in the case of a contempt, but as a conviction, as though the party were tried for crime. They say that the order of the court imprisoning or fining the party is a conviction, and that case is cited in the Case of Williamson, supra. That court says "the contempt may be connected with some particular cause," &c. But in point of fact the practice in this state always is, in case of contempt, a proceeding on the part of the people; and the practice has been in this court to treat it as a proceeding on the part of the United States.

Mr. Hoyne.—We can have those parties discharged who are not in court.

THE COURT.—There has never been an order against anybody not in court. The officers of a corporation are part of the corporation, and when a corporation is in court, the officers for certain purposes are also in court, but I do not understand that such officers are in court for the purpose of punishment for contempt unless they have knowledge of the action of the court upon the corporation, so that if any of the officers are in court simply from the fact that they are such officers, they are not legally in court to be punished for contempt unless they had notice of the order of the court. If there is service upon the corporation, and any of the officers, knowing of the order of the court, disobey the order, I think they are guilty of contempt and are punishable for the contempt, although there may be no personal service upon them, because the corporation is in court, and they are also in court for that purpose if they had notice.

Mr. Hoyne.—No further proceedings will be taken until they are advised, that they may make their showing without coming personally to court. Their business is such that it is inconvenient for them to come.

THE COURT.—Certainly. According to the opinion of the district judges of the southern district of New York and of Iowa, the parties who reside in those two districts cannot be reached in any way at present, as they think there is no authority, for various reasons (they differ, I believe, as to the reasons), to arrest them and transfer them to this district; but as the matter now stands, whenever these parties come within this district, I hold that it is competent for this court to arrest them and bring them before the court. Therefore, of course, it is desirable that they should understand the view of the court, and that it will always be competent hereafter to cause these parties, whenever they come within its jurisdiction, to be brought before this court.