FRANK P. SMITH, plaintiff in error, *vs.* HAMLIN J. COOK, defendant in error.

When a defendant had been enjoined from removing and disposing of certain cotton which had been placed in the hands of a Receiver appointed by the Court, and afterwards, the defendant was declared a bankrupt, and it appeared from the evidence, that the defendant told the agent of the Receiver, who had the cotton in possession, that the plaintiff's injunction had been settled or disposed of, and that he had turned over four bales of said cotton to his counsel in bankruptcy, when, in fact, the injunction had not been settled or disposed of, but the complainant in the injunction bill was still claiming the cotton under a mortgage lien, when the defendants counsel in bankruptcy, with the assent of the defendant, took possession of said four bales of cotton, for his fees to take the defendant through the Bankrupt-Court, and had sold the same : *Held,* that this Court will not control the discretion of the Court below upon the state of facts disclosed by the record, in holding that the defendant had violated the injunction, and was in contempt of the order and process of the Court.

Contempt.    Decided by Judge J. M. CLARK.    Baker county.    Chambers.

Cook filed a bill for injunction and the appointment of a Receiver, etc., against said Smith and D. D. Smith, in said county, touching certain cotton, on which Cook claimed a factor's lien.    The prayer was that "they be enjoined from further interfering with the said crop of cotton that the same may be held for the purpose of discharging said drafts at maturity," * * * * * * * and "that a Receiver may be appointed by this Honorable Court, to take charge of said plantation and said farm, and have the cotton crop delivered in conformity to said contract and agreement," etc.

The Court sanctioned the bill, and passed the following order : "John F. Cagile, of Dougherty county, is hereby appointed Receiver to take possession of said crop and farm, and attend and have the same gathered, and the sheriff is required to put said Receiver in possession."    By a supplemental bill and injunction, each of said Smiths were enjoined from "alienating said property or any part thereof."    The Receiver, under said order, was in possession of said farm and crop.    While he was so in possession, said Frank P.

Smith *vs.* Cook.

Smith was adjudged a bankrupt, on his own petition, by a Register in Bankruptcy. After this, and before more was done, four bales of the cotton which the Receiver had gathered off said farm, were taken away from the farm. It being suspected that Frank P. Smith had taken them, he was ordered by the Chancellor to show cause why he should not return said four bales of cotton to the Receiver, and why he should not be punished for a contempt of said injunction. Frank P. Smith appeared and plead, that before the removal of the said four bales of cotton he was a bankrupt under the laws of the United States, and that he had been so adjudged in the District Court of the United States by F. Hesseltine, Register in Bankruptcy, and that thereby the Superior Court of said county ceased to have jurisdiction of said cause. At the same time he answered the rule. He said he did not remove said cotton, nor had anything to do with its removal; that the facts were as follows: When he filed his application in bankruptcy he reported this cotton with his other property, to his attorney, J. J. Hall, to be put into his schedule; his attorney assumed the expenses of the proceedings in bankruptcy, and was to receive therefor $300 00, and that he would charge the four bales of cotton for his reimbursement, and he, Smith, consented thereto, but with the distinct understanding that Hall was to take the chances of recovering said bales of cotton from the Receiver, as he, Smith, would not undertake to interfere with the Receiver's control of the same; that he stated to Hall that he could only sell to him his interest in the said cotton, and no more, as it was in the hands of the law; and as he, Smith, had no other means of paying him, Hall accepted the proposition, and afterwards took possession of the cotton, and afterwards told Smith that if it was not awarded to him, Hall, by the Register, he, Hall, would hold it subject to the order of the Court. He denied any intention to violate the injunction; said Hall had advised him that his conduct was right, and would cause him no trouble; that the cotton was stored subject to Hall's order, and he prayed that Hall deliver it up if he, Smith, had done wrong.

Smith *vs.* Cook.

Upon the hearing it was shown that while the agent of the Receiver and the Receiver were both absent from the farm said four bales of cotton were taken away from his possession without their consent; that Frank P. Smith had said to this agent that said injunction was settled or disposed of, when it had not been settled or disposed of, and that he had turned over said four bales of cotton to his counsel in bankruptcy. Hall testified that Frank P. Smith, when he engaged him, said he had been enjoined from the use of his cotton crop, and he advised Smith that an adjudication in bankruptcy would be a virtual disposition of the injunction, and Smith made the transfer of his interest in said four bales of cotton with the understanding that it would not be a violation of the injunction; that Smith had no agency in the removal of it, but that he, Hall, had it moved for safe-keeping, (but not out of the jurisdiction of the Court,) and had proposed to give Cook a bond of indemnity if the Court should hold he was not entitled to it. He then gave in full his reasons for believing his advice was correct.

It was shown that the cotton was worth twenty-five and a half cents per pound at the hearing; that it was worth from twenty to twenty-one cents per pound on the first of December then last; that Johnson, a warehouseman, had shipped it to Savannah, after advancing $250 00 on it, and had sold it. The adjudication of bankruptcy was proved.

The Chancellor ordered Frank P. Smith to be confined in jail, without bail or main prize, until he returned said four bales of cotton to the Receiver, or pay him $496 40, its value, and the costs of this proceeding.

Frank P. Smith's attorney sued out a bill of exceptions, assigning that the Chancellor erred in taking jurisdiction of said Smith under the circumstances, in holding that Smith was liable for the removal of said cotton at all, in holding that his *bona fides*, and the advice of his counsel, did not protect him, and in holding him liable for the value of the cotton at the time of hearing.

VASON & DAVIS, for plaintiff in error, cited section 21, Bankrupt Act, clause 99, James' edition, 969; section 26,

clause 116; section 14, clauses 59, 52, 53, 46; section 11, clause 34, of James' edition of the Bankrupt Act.

STROZIER & SMITH for defendant.

WARNER, J.

This was a motion made in the Court below to punish the defendant for a breach of an injunction which had been issued against him. An injunction to restrain proceedings at law, or a special injunction to restrain some particular act, is usually directed to the party, his counselors, attorneys, solicitors and agents, or to his servants, workmen and agents, consequently, if they, or either of them, having had *notice* of the injunction, do anything *inhibited* by it, they will be guilty of contempt: 3d Daniels' Chan. Practice, 1907. Where an injunction had issued upon a, creditor's bill, prohibiting the defendant from transferring, assigning, delivering, or in any way interfering with or disposing of his property or effects, any active interference with the property by the defendant, or his agent, for the purpose of having the legal title to the same transferred to another, and thereby deprive the complainant of the equitable lien he has acquired thereon by the filing of his bill, was held to be a *breach* of the injunction, and the fact that the defendant, in violating the injunction, acted under the erroneous advice of counsel, will not protect him from a fine sufficient to compensate the adverse party for the injury sustained. Lansing vs. Easton, 7th Paige's Chan. Rep., 364.

In this case the defendant told the agent of the Receiver, who had the cotton in possession, that the complainant's injunction bill had been settled or disposed of, and that he had turned over the four bales of cotton to his counsel in bankruptcy, when, in fact, the injunction bill had not been settled or disposed of. The question before the Court below was, whether the defendant, his attorneys or agents, had violated the injunction, and were guilty of a contempt, for *disobeying* the process of the Court. The Court below held that the defendant had violated the injunction upon the state-

ment of facts contained in the record, and we have no disposition to control the discretion of the Court below in regard to the judgment rendered by him in this case. The first duty of parties and their counsel is *obedience* to all lawful orders of the Court. Let the judgment of the Court below be affirmed.