Petition for Writ of Mandamus Denied; Reversed and Remanded and Opinion
filed September 4, 2003









Petition
for Writ of Mandamus Denied; Reversed and Remanded and Opinion filed September
4, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-02-00572-CV

NO.
14-02-00811-CV

_______________

 

GALTEX
PROPERTY INVESTORS, INC., STEVEN R. FINCHER, AND GEORGE BURCHFIELD D/B/A
BURCHFIELD DEMOLITION COMPANY, Appellants

 

V.

 



CITY OF GALVESTON, Appellee

 

and

 

IN RE GALTEX PROPERTY INVESTORS, INC.,
STEVEN R. FINCHER, AND GEORGE BURCHFIELD D/B/A BURCHFIELD DEMOLITION COMPANY,
Relators

                                                                                                                                               


On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 00-CV-0781

and

Original Proceeding

Writ of Mandamus

                                                                                                                                               


 

O P I N I O N

 








Galtex
Property Investors, Inc., Steven R. Fincher, and George Burchfield (d/b/a
Burchfield Demolition Company (collectively, Aappellants@) appeal a judgment in favor of the
City of Galveston (Athe City@) in connection with appellants= failure to timely demolish a
property that had fallen into disrepair. 
Specifically, appellants contend that (1) a private party cannot recover
damages in a contempt proceeding; (2) they were denied a trial by jury in
violation of the United States and Texas Constitutions; (3) they were
excessively fined and their property was taken without due process of law; and
(4) the trial court improperly entered a final summary judgment based upon the
balance of an unpaid judgment for contempt. 
Appellants urge almost identical issues in a petition for writ of
mandamus.  We deny the petition for writ
of mandamus but reverse and remand on the appeal.

I.  Background

Until
August 2000, Galtex owned a shopping center in Galveston known as Galvez
Mall.  On August 7, 2000, the City filed
suit against Galtex, Steven Fincher (a principal of Galtex) and George
Burchfield, claiming that the property was in violation of various city
ordinances.  The City sought assessment
and an award of civil penalties for violation of the ordinances.  In addition, the City sought a temporary and
permanent injunction ordering appellants to bring the property into compliance
with the ordinances.  The City requested
permission to demolish and remove the buildings on the property, if Galtex was
unwilling or unable to comply with the city ordinances.

After
the trial court set a hearing on the temporary injunction, the parties entered
into an agreed order that was approved by the trial court on September 1,
2000.  In the agreed order, the parties
stipulated that appellants would demolish and remove all buildings located on
the property by October 31, 2000 and would remove all building slabs and
building slab debris by December 31, 2000. 
Additionally, if appellants did not timely demolish the buildings,
appellants agreed to pay the City a civil penalty of $2,500 per day to accrue
from August 30, 2000 until the date the buildings were
demolished.  The parties, however, did
not address in the agreed order the City=s claims for damages relating to
violation of the city ordinances.








Shortly
after the trial court entered the agreed order, Galtex filed Chapter 11
bankruptcy and an automatic stay in a separate proceeding before a bankruptcy
court.  Appellants obtained permission
from the bankruptcy court to sell the property, and the bankruptcy court
directed that $300,000 of the sale proceeds be paid into the court=s registry for the benefit of the
City pending determination of the validity and extent of the City=s claims.  

Appellants
failed to demolish the buildings by the deadline in the agreed order, and the
City thereafter filed a motion for contempt against appellants on February 27,
2001.  On April 25, 2001, the trial court
signed a AJudgment of Contempt@ (hereinafter Acontempt judgment@), ordering appellants to pay the
City (1) $10,000 in attorney=s fees and (2) $337,500 in penalties.  Subsequently, the City moved to modify the
contempt judgment because the trial court improperly stated in it that all
parties and claims had been finally disposed of and that the contempt judgment
was appealable.[1]  The trial court granted the motion and
modified the contempt judgment on May 21, 2001.  Pursuant to this order, the City received the
$300,000 in the court registry.

On March
27, 2002, the City filed a motion for summary judgment, seeking the balance
owed under the contempt judgment.  On
April 23, 2002, the trial court granted summary judgment to the city and
awarded the city $47,141.40, the balance the court determined was owed under
the terms of the agreed order.  On August
2, 2002, appellants filed notice of their intent to appeal the contempt
judgment and the summary judgment. 

On
August 9, 2002, appellants filed a petition for writ of mandamus, arguing that
the trial court abused its discretion by improperly enforcing the terms of the
agreed order through contempt proceedings. 
Appellants specifically argue that the trial court exceeded its contempt
power under section 21.002 of the Texas Government Code and that the trial
court awarded the city a pre-judgment collection remedy without complying with
Texas laws and procedures.  Appellants
subsequently filed an amended petition for writ of mandamus on August 14, 2002.








II.  Petition for Writ of
Mandamus

Appellants
first request that we consider their petition for writ of mandamus, in which
they challenge the contempt judgment, in conjunction with their appeal.  We decline to do so.

A writ
of mandamus is an extraordinary remedy issued not as a matter of right, but at
the discretion of the court.  Rivercenter
Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).  Mandamus is largely governed by equitable
principles.  Id.  Equity is intended to aid the diligent and
not those who slumber on their rights.  Id.  Because mandamus is controlled by equitable
principles, Texas courts often deny mandamus relief due to the petitioner=s lack of diligence.  See, e.g., In re E. Tex. Salt Water
Disposal Co., 72 S.W.3d 445, 449 (Tex. App.CTyler 2002, orig. proceeding) (ten
year delay precluded mandamus relief);  Tarrant
County Hosp. Dist. v. Henry, 52 S.W.3d 434, 452 (Tex. App.CFort Worth 2001, no pet.) (18 month
delay); In re Xeller, 6 S.W.3d 618, 624 (Tex. App.CHouston [14th Dist.] 1999, orig.
proceeding) (16 month delay).

Appellants
offer a number of reasons to explain the fourteen-month delay from the time the
trial court entered its contempt judgment until the time they filed their
petition for writ of mandamus, including (1) the money would not be unlawfully
dissipated because it was paid to a municipal arm of the state; (2) a belief
that the trial court would reconsider its contempt judgment upon a trial on the
merits of the city=s claims; and (3) a lack of effect of the trial court=s contempt judgment on appellants= trial rights.  

However,
appellants fail to demonstrate that they were prevented from diligently seeking
relief from the trial court=s contempt judgment. 
Appellant=s proffered justification for a fourteen-month delay merely
demonstrates that they sought redress of their legal rights through ordinary
means.   

 








Moreover,
mandamus is an extraordinary remedy that is only available when a trial=s court abuse of discretion cannot be
remedied by appeal.  In re Bokeloh,
21 S.W.3d 784, 787 (Tex. App.CHouston [14th Dist.] 2000, orig. proceeding).  In this case, we will consider appellants= challenge to the contempt judgment
on appeal; therefore, appellants have an adequate remedy at law, making
mandamus inappropriate in this case.

III.  The Agreed Order

As a
preliminary matter, appellants dispute the nature of the agreed order and urge
us to consider it only as an agreement, not a temporary injunction.  We decline to address the nature of the
agreed order for two reasons.  First,
Rule 33.1 of the rules of appellate procedure requires an objection to and
ruling by the trial court on an issue before it is raised on appeal.  On this subject, we do not find that the
trial court ruled, either implicitly or explicitly.  Second, determination of the nature of the
agreed order has no bearing on our disposition of appellants= four issues.  Courts have no jurisdiction to issue advisory
opinions.  Valley Baptist Med. Ctr. v.
Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000).  


                                      IV.  Contempt Judgment

In their
first three issues, appellants attack the validity of the trial court=s contempt judgment, contending that
(1) the contempt judgment was not truly a contempt proceeding; (2) a court may
not award a fine of contempt to a private litigant; and (3) the contempt
judgment is an excessive fine, is an improper taking, and wrongly deprives them
of trial by jury.  Because we find that
the trial court=s Ajudgment of contempt@ was improperly denominated as a
contempt order, and because we further find that the trial court erroneously
awarded a money judgment following contempt proceedings, we sustain issues one
and two.  We need not address issue
three.

A.  Nature of Contempt Judgment








Decisions
in contempt proceedings may not be reviewed by an appellate court, even where a
party seeks to appeal the contempt order along with a judgment that is
appealable.  Metzger v. Sebek, 892
S.W.2d 20, 54 (Tex. App.CHouston [1st Dist.] 1994, writ denied).  However, appellants argue that the trial
court=s contempt judgment of May 21, 2001
does not come within the confines of a true contempt order and thus should be
recharacterized.  We note that it is not
the form of the court=s order, but the Acharacter and function of the order
that determines its classification.@ 
See Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808,
809 (Tex. 1992).

A court
has the inherent power to enforce its orders through contempt proceedings.  See Ex Parte Gorena, 595 S.W.2d 841,
845 & n.2 (Tex. 1979).  A court can
exert its contempt power through two types of contempt orders C civil and criminal.  Ex Parte Hawkins, 885 S.W.2d 586, 588
(Tex. App.CEl Paso 1994, orig. proceeding).  Criminal contempt orders and civil contempt
orders serve distinct purposes.  A
criminal contempt order is used to punish a party for disobedience of a court
order.  Id.  The maximum punishment that a district court
can assess under its criminal contempt power is a fine of not more than $500,
or confinement in the county jail for not more than six months, or both.  Tex.
Gov=t Code Ann. ' 21.002(b) (Vernon Supp. 2003).  Alternatively, a civil contempt order is used
to coerce a party to comply with an order of the court.  Hawkins, 885 S.W.2d at 588.  The statute does not limit the maximum fine
that a court can impose through a civil contempt order.  See Tex.
Gov=t Code Ann. ' 21.002; Cadle Co. v. Lobingier,
50 S.W.3d 662, 667B68 (Tex. App.CFort Worth 2001, pet. denied).








The
trial court=s contempt judgment was not a
criminal contempt order because it was not intended to punish appellants for
violating the agreed order.  Likewise,
the contempt judgment was not a civil contempt order because it was not
intended to coerce appellants to comply with the agreed order.  Instead, the contempt judgment enforced a
civil penalty to which the parties stipulated in the agreed order.  Accordingly, we find that it was a misnomer for
the trial court to label its order a AJudgment of Contempt.@ 
The order was actually a partial money judgment for civil penalties
delineated in the agreed order.  Cf.  Edrington v. Pridham, 65 Tex. 612 (1886)
(contempt order was actually a money judgment); Transcont=l Gas Pipeline Corp. v. Am. Nat=l Petroleum Company, 763 S.W.2d 809, 824 (Tex. App.CTexarkana 1988) (order actually
awarded additional injunctive relief), rev=d on other grounds, 798 S.W.2d 274 (Tex. 1990); Credit
Bureau of Laredo, Inc. v. State, 515 S.W.2d 706, 710B11 (Tex. App.CSan Antonio 1974) (proceeding was not
for contempt, but was a suit for civil penalties,) aff=d, 530 S.W.2d 288 (1975).  

B.  Propriety of the Contempt Judgment

Appellants
further argue that the trial court improperly used contempt proceedings to
award the City a civil judgment and a pre-judgment collection remedy without
compliance with Texas law and civil procedure.

The law is well established in Texas
that a court may not award a civil judgment to a private litigant in a contempt
proceeding.  Cadle Co., 50 S.W.3d
at 669; see Cannan v. Green Oaks Apts., 758 S.W.2d 753, 754 (Tex. 1988)
(acknowledging that A[t]his court has earlier held that in a contempt proceeding a
private party cannot recover damages for a violation of a court order.@). 
The trial court erred in awarding the City, a private litigant, $347,500
in the contempt judgment.

Further, this case is closely
analogous to Edrington v. Pridham, 65 Tex. at 612, in which the court
reversed and remanded a money judgment awarded as a contempt order.  In Edrington, the trial court first
entered an order granting a receiver the power to take possession of all the
property of a corporation.  The treasurer
of the corporation then used $2,500 of the corporate funds to pay attorney=s fees, refusing to turn this amount
over to the receiver.  At the contempt
proceeding against the treasurer, the trial court awarded a judgment to the
receiver in the amount of $2,500.  The
Supreme Court reversed the judgment, stating, A[W]e cannot construe a judgment in
favor of the receiver for $2,500, to be collected by execution, as an exercise
by the court of its inherent power to fine for contempt.@ 
Id. at 617.  The court
reasoned that Avaluable rights in the practice@ may depend on the nature of the
proceeding and that such rights may be lost if the nature of suit is confused.  Id. at 618.[2]  It concluded that Athe judgment rendered was not prayed
for . . . [and] it was not warranted by the proceedings upon which it is
predicated.@ 
Id.








As in Edrington, we cannot
construe a money judgment for one party as an exercise of the court=s power of contempt.  See id. at 617.  ASuch a judgment does not vindicate
the dignity of the court; it redresses private injury.@ 
Id.  While the City may be
entitled to recover the civil penalties contemplated by the agreed order, we
hold it may not obtain such a judgment through contempt proceedings.  Accordingly, we sustain issues one and two
and hold that the trial court erred by using its contempt power to award a
judgment in favor of the City.  We
reverse and remand the AJudgment of Contempt.@

V.  Summary Judgment

In their fourth issue, appellants
contend that the trial court erroneously entered a final summary judgment based
on the unpaid balance of the $347,500 awarded in its contempt judgment.  They argue that the City=s pleadings do not conform with such
a summary judgment.  We agree.  

The propriety of a summary judgment
is a question of law subject to de novo review.  Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994).  AA motion for summary judgment must be
supported by the pleadings on file, and the final judgment of the court must
conform to those pleadings.@  Krull v. Somoza,
879 S.W.2d 320, 322 (Tex. App.CHouston [14th Dist.] 1994, writ denied); see also Elite
Towing, Inc. v. LSI Fin. Group, 985 S.W.2d 635, 641 (Tex. App.CAustin 1999, no pet.).  Additionally, a trial court may not grant a
summary judgment on an unpled cause of action. 
McDuff v. Chambers, 895 S.W.2d 492, 496 (Tex. App.CWaco 1995, writ denied).

In its original petition, the City
sought temporary and permanent injunctive relief and the maximum civil
penalties allowed ($1,000 a day) pursuant to sections 54.017 and 54.018 of the
Texas Local Government Code.  It did not
seek attorney=s fees.  In its motion for summary judgment, the City
claimed that it was entitled as a matter of law to full recovery as prayed for
in its original petition.  Specifically,
the City claimed that it was entitled to the sum of $46,797.75, an amount which
included $10,000 in attorney=s fees.  However, this
amount bears no relation to the civil penalties that the City sought in its
original petition.  Rather, this amount
is the balance allegedly owed as a result of appellants= violation of the agreed order.   








The summary judgment did not conform
to the pleadings in the case because it was not based upon the causes of action
pled in the City=s original petition.  See
Elite Towing, 985 S.W.2d at 641. 
Accordingly, the City was not entitled to final summary judgment for the
balance owed under the contempt judgment. 
We sustain issue four and reverse and remand the summary judgment.

In conclusion, we deny appellants= petition for writ of mandamus.  Further, we sustain appellate issues one,
two, and four.  Because of our
disposition on issues one and two, we need not address issue three.  Accordingly, we reverse the trial court=s AJudgment of Contempt@ and final summary judgment and
remand for further proceedings consistent with our opinion.

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
September 4, 2003.

Panel consists of Justices Anderson,
Seymore, and Guzman.

 

 











[1]  The city
sought this modification because contempt orders are not appealable.  Metzger v. Sebek, 892 S.W.2d 20, 54
(Tex. App.CHouston [1 Dist.] 1994, writ denied).





[2]  For instance,
in State v. Credit Bureau of Laredo, the parties were entitled to a
trial by jury in a suit to impose civil penalties.  See 515 S.W.2d at 710B11.  The trial
court had erroneously imposed the penalties as though through contempt.  See id..