KAEHLER vs. DOBBERPUHL.

*March 20 — April 8, 1884.*

*Taxation — Contempt — Replevin — Estoppel — Res Adjudicata.*

1. The fact that an officer in seizing property under a tax warrant violated an *ex parte* injunctional order which had been improvidently issued, does not deprive him of his right to defend in an action for the recovery of the property seized.

2. One who has maintained an action to restrain the collection of a tax upon the ground that she was the owner of the land upon which it was assessed, and that, if legally assessed, she was liable to pay it, is estopped from asserting in a subsequent action to recover the property taken upon the warrant for the collection of such tax, that her property was not liable to be taken on the warrant because the land was assessed in the name of her husband.

3. An affidavit for the delivery of property in replevin (under sec. 2718, R. S.) is not conclusive of the fact that such property was not taken for a tax; and if upon the trial it appears that it was so taken, the plaintiff has no right to a delivery on final judgment, or, if already delivered, to retain the property after judgment.

4. In proceedings for contempt for the violation of an order enjoining the collection of a tax the plaintiff was awarded $50 as indemnity for the taking of her property, and her right to bring an action for the recovery of the property was reserved. The order awarding such indemnity was reversed on the ground that the injunctional order had been improperly made and that the plaintiff had suffered no wrong or damage by the taking of her property. *Held*, that she could not afterwards, in an action of replevin, recover any damages for such taking.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The court instructed the jury that the taking of the property was an unlawful act and that the defendant was liable for the actual damages resulting therefrom. The jury rendered a verdict accordingly, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones,* and oral argument by *Mr. Cotz-*

*hausen.* They argued, *inter alia,* that replevin will not lie for property seized in payment of public revenue or held *in custodia legis.* The statutes prohibiting replevin in tax cases, is merely declaratory of the law previously existing. Morris on Replevin, 93; *Stiles v. Griffith,* 3 Yeates (Pa.),. 82; *People v. Albany,* 7 Wend., 485; *Marriott v. Shaw,* Comyn, 275; Wells on Replevin, secs. 35, 228; *Brent v. Hagner,* 5 Cranch C. C., 71; *Marbury v. Madison,* 1 Cranch, 49; *B. & O. R. R. Co. v. Hamilton,* 16 Fed. Rep., 181; *Chadwick v. Miller,* 6 Iowa, 34. ·Even if the action could be maintained, there certainly could be no delivery to the plaintiff, if the tax.roll and warrant were regular on their faces, until his right was established by final judgment. Cooley on Taxation, 536, 537, 572; Wells on Replevin, sec. 224; *Dudley v. Ross,* 27 Wis., 679; *Hudler v. Golden,* 36 N. Y., 446; *O'Reilly v. Good,* 42 Barb., 521; *Palmer v. Corwith,* 3 Pin., 267; *Sprague v. Birchard,* 1 Wis., 457; *Kelley v Corson,* 8 id., 182; *Power v. Kindschi,* 58 id., 539. It was error to admit evidence of the preliminary injunctional order in rebuttal of the tax warrant. The acts done in violation of that order.were· not invalid but punishable only as a contempt of court. *Butler v. Niles,* 35 How. Pr., 329; *Comm. Bank of Manchester v. Waters,* 10 Sm. & M. (Miss.), 559; *People v. Sturtevant,* 9 N. Y., 263; High on Injunctions, sec. 1463; *People v. Compton,* 1 Duer, 512; *Kaehler v. Dobberpuhl,* 56 Wis., 497.

*Eugene S. Turner,* for the respondent, contended that replevin will always lie for goods *unlawfully* taken. ·The injunctional order restraining the collection of the tax being still in force when this action was commenced, the defendant had no right to seize and hold the property. The property was therefore not in the custody of the law, but was seized and held in violation of the law as much as if the property had been exempt. *Brockway v. Burnap,* 16 Barb., 309; 9 Am. Dec., 105, and note; *Kellogg v. Churchill,* 2 N. H., 412. An officer seizing exempt property is a tres-.

passer; and replevin is co-extensive with trespass.  6 Wait's Act. & Def., 107, 108; *Pangburn v. Patridge*, 7 Johns., 140; 20 Am. Dec., 699; *Dudley v. Ross*, 27 Wis., 681.

ORTON, J.   This is an action of replevin for certain cattle, sheep, horses, and other personal property, which the defendant, as town treasurer, took by virtue of a tax warrant for certain unpaid taxes upon certain land owned by the plaintiff and occupied by her together with her husband and their family.   The property, when so seized, was upon and used upon said land.   The property was taken by the writ and delivered to the plaintiff.   The verdict was mainly directed by the court, and the jury found the value of the property to be $1,625, and the damages for the taking, $29.62.   On the trial, after proof that the property was hers, and that the defendant took the same, and the value thereof, and her damages, the plaintiff introduced in evidence the proceedings in a former action between the same parties, and in the same court, and the injunction therein in respect to the same tax and the same property.   The injunction in that case was to restrain the defendant, as treasurer, from collecting said tax, on the ground of its illegality, and the bill prayed for setting aside and vacating the said tax on the same ground.   There was a demurrer to the complaint and a motion to dissolve the injunction, which motion was overruled, and the defendant appealed to this court from said order, and it was decided by this court that the complaint did not state a sufficient cause of action in equity, or any ground for equitable relief or for an injunction; and the order of the circuit court was reversed and the cause remanded with direction to that court to dissolve the injunction.   The complaint in that case was to the effect that the plaintiff, *Adelaide Kaehler*, was the owner of the land taxed, and that such tax was void, and that the same personal property involved in this suit, which belonged to her, was

liable to be taken by the defendant unless restrained. This case is reported in 56 Wis., 480. Notwithstanding the injunction, the defendant proceeded to levy upon said personal property, and the plaintiff made the proper application for proceedings against him for contempt, to enforce her civil remedy for the violation of said injunction, and for *indemnity* for her damages thereby suffered. On the hearing the defendant was found guilty of the contempt, and there was awarded to the plaintiff the sum of $50 as such indemnity, with costs. This was also appealed to this court, and it was decided that inasmuch as the complaint stated no cause of action in equity, or ground of relief, there was no ground for such injunction, and that it was improvidently granted, and that the tax sought to be set aside was valid, and that the plaintiff, therefore, had not been damaged by the violation of the injunction, and was entitled to no indemnity. This case is reported in 56 Wis., 497. These last proceedings were introduced in evidence by the defendant. It is proper to say that the judgment of the circuit court for contempt and awarding indemnity, reserves any right the plaintiff may have to bring any future action for the recovery of this property.

. On this evidence the defendant requested the court to direct the jury to find for him in the action, and on refusal excepted, and the court directed the jury to find for the plaintiff as above stated. The record does not show the ground upon which this direction was made, but presumably on the ground that the property was seized by the defendant in violation of the injunction. When this case was tried, the record, together with the judgment of this court in the injunction case, had been remitted.

From the above statement of this case, certain well-established principles of law are clearly applicable, and must govern it.

It is contended by the learned counsel of the respondent

that because the defendant violated the injunction when he took the property, that therefore his legal rights in this action are gone. This was precisely the ground taken by the plaintiff on the hearing of the motion of the defendant to dissolve the injunction: that he was in contempt, and therefore had no right to have it dissolved. But this court held that his technical violation of an *ex parte* injunction, which ought not to have been granted in the first place, took away none of his legal rights in the case. The court would not grant him a mere favor, but at the same time would not deny him any strict legal right. This action is a continuation or revival virtually of the same controversy. In the contempt case it was held that his violation of the injunction did not take away from the defendant his legal right to have it dissolved and defend the action, and so, here, it did not take away his right to defend this action to recover the property taken for the tax. The principle is the same.

*First*, then, the violation of the injunction by the defendant was no good ground for the plaintiff's recovery in this case. *Kaehler v. Dobberpuhl*, 56 Wis., 497, and cases cited in the opinion.

*Second*. It is contended that because the name of the plaintiff's husband, Peter F. Kaehler, stood upon the assessment roll opposite the said land of the plaintiff as the owner or occupant of it, the tax must be held to be his tax, and the warrant would not justify the taking of her property upon it. In both the two former cases, the plaintiff predicated her rights upon the ground, in the first, that she was the owner of the property that was threatened to be taken for the tax; and that she was the owner of the land upon which the tax was assessed, and, if legally assessed, she was liable to pay it; and, in the second, that she was the owner of the property actually taken by the defendant for the tax, and that the tax was upon her land. The plaintiff is clearly estopped by these records from showing that the tax upon

which this property was so taken by the defendant is not her tax, or that her property is not liable to be taken to pay it. Her first complaint was that this tax on her land was illegal and void, and she asked the court to set it aside and annul it, and obtained a preliminary injunction against its collection. Can she reverse her position now in the same controversy, and be allowed to allege that the tax was not hers to pay, but that of her husband? In this case she claims ownership of this personal property because, for one reason, it was on her land. The tax is on her land also. The assessor made the mistake in placing on the assessment roll the name of her husband opposite her land and her tax. But she has corrected it by repeated admissions and claims in these cases that both the land and the tax are hers. *Allegans contraria non est audiendus.* In translation of this maxim of the law, Lord KENYON said that " a man shall not be permitted to ' blow hot and cold ' with reference to the same transaction, or insist at different times on the truth of each of two conflicting allegations, according to the promptings of his private interests." Broom's Leg. Max., 168.

*Third.* The plaintiff has obtained the delivery or return of the property taken by the writ, by making the requisite affidavit that this property " had not been taken for a tax, assessment, or fine, pursuant to the statute." On the trial it clearly appeared by the evidence that this property had been taken by the defendant for a tax on the land of the plaintiff, and that the tax was valid. This being so, the plaintiff had no right to the delivery of the property on final judgment, or to retain it, if already delivered, after judgment. By the affidavit she has obtained a delivery, but when it was shown on the trial that it had been taken for a tax upon her land which she was liable to pay, by the judgment she should be made to return it. The affidavit is not conclusive of the fact, by any means, that it was not taken for a tax, when the facts on the trial show otherwise. To hold that it was,

would defeat the defendant's right of defending the action. It clearly appeared that the property was in the custody of the law, and not liable to be taken out of it by this action. This allegation in the affidavit has been traversed and proved to be incorrect, and she cannot in such case have any benefit from it by. the delivery of the property.to her by reason of it.

*Fourth.* It appears by the aforesaid proceedings in contempt against. the defendant that the plaintiff claimed damages and indemnity for the wrongful taking of the property in violation of the injunction, and obtained an award of $50 for the same. It is true that any right which the plaintiff might have to bring any future action for the property is reserved. But the plaintiff might in that proceeding have obtained full and complete indemnity, if she was entitled to any, and that proceeding and judgment are as much a former recovery and a bar to this action as if she had done so. Her damages by reason of this alleged wrongful taking of her property in violation of the injunction are *indivisible*, and if she has proceeded in that way and by such a remedy, which is ample and adequate, to obtain only a part, when she could as well have recovered the whole of her damage, the former recovery as a bar is just as complete as if she had recovered all. It is true this defense was not pleaded, but the evidence was introduced without objection which establishes such a defense, and should have had effect in a direction to the jury as requested by the defendant. This principle has often been established by the decisions of this court. *Borngesser v. Harrison*, 12 Wis., 544; *Driscoll v. Damp*, 16 Wis., 106; *Eastman v. Porter*, 14 Wis., 39; *Dick v. Webster*, 6 Wis., 481. But, if there should be any doubt about this, this court decided, in the contempt case, that she had suffered no wrong or damage by the taking of her property for this tax, and reversed the judgment for the allowance made. This is certainly conclusive in the same litigation.

The mere form of things and refined technicalities must not stand in the way of the real merits of the case, or override or control substance. The warrant upon which the defendant, as treasurer, levied upon the plaintiff's property is annexed to a tax roll having the name of her husband instead of her own set opposite her land as the owner or occupant thereof. If this were all there was of the case, technically the warrant would not justify the seizure of her property, because, *prima facie* at least, the tax was that of her husband. But this defense she waived, and proceeded to litigate with the defendant, and make him great cost and trouble, on the ground that the land, and consequently the tax, was hers, as well as the personal property which the defendant threatened to take and did take on the warrant, and she sought thereby, and on that theory alone, to have the tax set aside as void, as her only defense. When, in such litigation, the tax is found valid, even on her own complaint, and the injunction against the levy improvidently issued and essentially wrong and unjust, she now, in continuation or revival of the same controversy, reverses her ground, and in this action predicates her right of recovery on precisely the opposite ground,— that the tax is not hers to pay, but that of her husband. This neither law, justice, nor equity will allow her to do. To allow her now to recover this property from the defendant, the officer charged with the collection of the tax, would forever defeat its collection, and make the officer liable to damages and costs. The litigation was ended and the adjudications final in the former cases and proceedings. The tax is hers, and she has refused to pay even after it has been declared valid; and the property is hers, and upon her own admissions she is legally liable to pay it; and the property was held by the defendant as subject to it, and it should be returned to him, to be disposed of for that purpose. The defendant, on behalf of the public, has already been put to great trouble and expense by a liti-

Buchner vs. The Chicago, Milwaukee & Northwestern R'y Co.

gation on behalf of the plaintiff without one particle of merit, and it is time it was ended, as we think it was in law ended by former adjudications between the same parties and on the same subject matter, but upon opposite ground.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.