BEVERLY v. ROBERTS et al.  (No. 1560.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 5, 1919.)

1. CONTEMPT ⊜40—CIVIL OR CRIMINAL PROCEEDING.

Contempt proceeding for compensation to plaintiff by assessment against defendant and award to plaintiff of the damages sustained by him through defendant's removal of a fence on plaintiff's land after time limited by judgment for plaintiff in his action to recover the land was a proceeding of a civil nature; but in so far as the proceeding was to punish defendant by fine and imprisonment, in addition to forcing payment of damages, it was punitory and criminal.

2. CONTEMPT ⊜74—CIVIL JUDGMENT IN REDRESS OF INJURIES.

Under Rev. St. 1911, art. 1708, a prosecution of defendant for contempt of court by removing a fence on plaintiff's land after time limited in the judgment in plaintiff's action for the land did not warrant a civil judgment against defendant in redress of injuries to plaintiff resulting from the removal of the fence, a remedy which could be obtained only in a civil suit.

3. COURTS ⊜120—JURISDICTIONAL AMOUNT OF DISTRICT COURT.

The district court was without jurisdiction to entertain a suit claiming damages in the amount of $80.

4. COURTS ⊜247(2) — REVIEW OF CRIMINAL CONTEMPT BY COURT OF CIVIL APPEALS.

A contempt proceeding, criminal in its nature, cannot be reviewed by the Court of Civil Appeals.

Error from District Court, Foard County; J. A. Nabers, Judge.

Suit by T. M. Beverly against N. J. Roberts and others, wherein, after judgment for

plaintiff, he filled an information in contempt with prayer for damages. To review judgment that plaintiff take nothing by the motion and that defendants be discharged, plaintiff brings error. Judgment reversed, and order dismissing the motion on information entered.

Wallace Hughston, of McKinney, for plaintiff in error.

G. W. Walthall, of Crowell, for defendants in error.

BOYCE, J. The plaintiff in error sued defendant in error N. J. Roberts and recovered judgment for the recovery of a parcel of land in Foard county. The judgment in the case provided that the defendant should have 60 days from the date of the judgment to remove a certain fence from said land, and at the expiration of said 60 days that the plaintiff have his writ of possession. No appeal was taken by either party from said judgment. Thereafter the plaintiff in error, plaintiff in the court below, filed in said cause an instrument termed "information in contempt with prayer for damages," in which he alleged that the defendant did not within the 60 days after date of the rendition of said judgment remove the fence from the land, for which the plaintiff had recovered judgment, and that after the expiration of said 60 days the plaintiff secured the issuance of a writ of possession and placed the same in the hands of the sheriff, L. D. Campbell, for execution; that the plaintiff was thereupon entitled to possession of said premises with the fence as it stood thereon at the expiration of said 60 days, and at the time of the issuance of the writ of possession; that after the issuance of the writ of possession the defendant N. J. Roberts, with intent to evade the effect of the judgment and in violation of plaintiff's rights thereunder, and while said writ was in the hands of the sheriff and with the connivance and consent of the said sheriff, removed the said fence from said land; that said fence was of the value of $80, and plaintiff was damaged in said sum by such acts; that such acts were in contempt of the court and in violation of plaintiff's rights. Wherefore relator prayed that the said N. J. Roberts and L. D. Campbell be held in contempt of court and that he have judgment against the said parties for said sum of $80. The court on hearing of this motion entered judgment that the plaintiff take nothing by his motion and that the defendants be discharged, and the appeal is from this judgment of the court.

The defendants in error have moved that the writ of error be dismissed for want of jurisdiction in this court. This motion was passed to be considered with the case on the final submission and will be disposed of by the general discussion which follows.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1-3] The purpose of the contempt proceeding was twofold: First, compensation to the plaintiff by assessment and award of the damages he had sustained; second, punishment of the defendant by fine and imprisonment in addition to forcing payment of the damages inflicted on plaintiff. In the accomplishment of the first purpose, the proceeding would be remedial and therefore of a civil nature. In the second it would be punitory and would be classed as criminal. Ex parte Wolters, 64 Tex. Cr. R. 238, 144 S. W. 567, Ann. Cas. 1916B, 1071; In re Merchants' Stock & Grain Co., 223 U. S. 639, 32 Sup. Ct. 339, 56 L. Ed. 584; Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Hammond Lumber Co. v. Sailors' Union (C. C.) 167 Fed. 809. Some authorities have held, and others assumed, that, where there has been a violation of an order or judgment of the court and damages suffered, the court may, in the contempt proceedings, upon ascertainment of the amount of the damages sustained, impose what is termed a "compensatory fine," and commit the party in contempt until this is paid. Robins v. Frazier, 5 Heisk. (Tenn.) 100; Thompson v. Pennsylvania Ry. Co., 48 N. J. Eq. 105, 21 Atl. 182; Kaehler v. Dobberpuhl, 60 Wis. 256, 18 N. W. 841; In re Merchants' Stock & Grain Co., 223 U. S. 639, 32 Sup. Ct. 339, 56 L. Ed. 584; Joyce on Injunctions, §§ 279A to 280A. In some of the states the courts are by statute expressly authorized to ascertain and assess damages in contempt proceedings, but in some cases this power has been apparently assumed without reference to any statutory provision. Other authorities have denied the power of a court to assess and award damages as a part of the contempt proceeding proper, and others have expressed doubt as to such power. Edrington v. Pridham, 65 Tex. 612; Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 124 Fed. 736, 61 C. C. A. 57; Hammond Lumber Co. v. Sailors' Union (C. C.) 167 Fed. 823. The Texas case cited settles this question so far as practice in this state is concerned. The statutory provision contained in article 1708, which might apply to this character of case, is the same as it was when that case was decided. It was held in such case that the prosecution for contempt did not warrant a civil judgment in redress of injuries resulting from the acts which constituted the alleged contempt, and that such remedy could only be obtained in a civil suit. The proceeding in the present case is very similar to that taken in the case of Edrington v. Pridham, except that the motion in said case was made before there was any final judgment in the case; so that the reasons for denying the power of the court to assess damages in the present proceeding are stronger than those obtaining in the case of Edrington v. Pridham. In such case the order awarding damages, if permissible at all, would have been in the nature of an interlocutory order and would have been reviewable on appeal from the final judgment in the case. In the present case final judgment had already been rendered, from which no appeal was taken; so that we are not aware of any means by which the judgment on the motion, if it is to be regarded as a part of the original case, could be reviewed on appeal. The motion in this case is very similar to that made in the case of Edrington v. Pridham, and under the authority of that case such motion may not be regarded as an original "civil suit, sufficient to support a civil judgment." But, even if the allegations of the so-called motion in this case were sufficient to entitle the proceeding to be deemed an original suit, the district court was without jurisdiction to entertain such suit, since the amount of damages claimed was $80.

The court below admitted evidence on the controversy as to the claim for damages and entered judgment that the plaintiff take nothing. If we are correct in what we have said as to the power of the court in such matter, the judgment should have been a dismissal of this feature of the case, and in this respect such judgment will be reversed and such order here entered. P. & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

[4] Therefore the only part of the proceeding before the district court of which it had jurisdiction was that which sought punishment of the defendants in error for contempt, and the proceeding was criminal in its nature and cannot be reviewed by this court, so that we decline to take jurisdiction of this feature of the case.