**GREEN OAKS, LTD. a/k/a Green Oaks Apts., Ltd. and Kenneth Wanamaker, Trustee, Appellants,**

v.

**Morris CANNAN, Appellee.**

**No. 4–86–00349–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 2, 1987.

Rehearing Denied May 2, 1988.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This appeal involves the sale of a piece of real estate in violation of a temporary restraining order (TRO); a claim for damages resulting from that violation, which claim was dismissed by the trial court; and a denial of the appellant's motion for partial summary judgment.

The appellant raised three points of error: (1) the dismissal of its action for damages, (2) the denial of its motion for partial summary judgment filed after the entry of the judgment, and (3) abuse of discretion in limiting its discovery process. We agree that the trial court should not have granted the appellee's motion to dismiss, and we partially agree that the trial court erred in making its discovery orders. We do not rule on whether the trial court erred in overruling the appellant's motion for summary judgment because it is not necessary to do so. We reverse and remand.

Green Oaks Apartments, Ltd. (Green Oaks) was the title owner of the Green Oaks apartment complex (the apartments). Appellee Cannan (Cannan) held the first lien on the property. Green Oaks fell on hard times, defaulted on its note to Cannan, and sought and obtained relief in bankruptcy court. Cannan served notice that he was going to foreclose on the encumbered property on March 1, 1983.

On February 28, 1983, Green Oaks tried and failed to get the bankruptcy court to issue a TRO to stop the March 1 foreclosure sale. Green Oaks next tried to get a TRO in federal district court. but that court would not issue one *ex parte*. Instead, it set a hearing on the order for the morning of March 1, before the time set for the foreclosure sale. Green Oaks also filed suit in state district court and got a TRO stopping the foreclosure sale.

On the morning of March 1, the federal court, after a hearing at which both parties were represented by counsel, refused to issue a TRO. Cannan's attorneys testified

Eugene DuBose, Dallas, for appellants.

Frederick R. Zlotucha, Mayo J. Galinda, San Antonio, for appellee.

that they were informed of the state court TRO at the federal court hearing. The attorneys had been hired to represent Cannan in litigation concerning the apartments, and Cannan had delegated authority to them concerning the apartments.

One of the attorneys testified that he spoke with Cannan by phone three times on the day of the foreclosure sale, and he told Cannan all he knew about the legal situation concerning the apartments. Later, in the early afternoon of the 1st, the foreclosure sale was held, and Cannan bought the apartments.

March 3, 1983, Cannan filed a motion to dissolve the state court TRO on the ground that the issuing court lacked jurisdiction. The trial court agreed, dissolved the TRO, and dismissed Green Oaks' cause of action. This court ruled that the issuing court had jurisdiction and reversed the trial court's dismissal order. *See Green Oaks Apartments, Ltd. v. Cannan*, 696 S.W.2d 415 (Tex.App.—San Antonio 1985, no writ).

Upon reinstatement in the trial court Green Oaks amended its petition and asked the trial court to find the March 1, 1983, foreclosure sale void since it had been consummated in violation of a valid TRO. Green Oaks also pleaded for damages for a sale of the property it lost as a result of the foreclosure. It contended that in the two and one-half years between the sale and this court's ruling, the San Antonio apartment market had collapsed and the value of the apartments had fallen by over $2,000,000. Cannan agreed that the foreclosure sale was void but denied that its violation of the TRO had caused Green Oaks to suffer any damages. The trial court ruled the March 1 foreclosure sale void and severed that issue from the rest of the case.

January 15, 1986, the second lienholder foreclosed on the apartments, and March 4, 1986, Cannan did the same. Cannan then filed a motion to dismiss Green Oaks' cause of action for damages. The trial court granted the motion holding that: (1) the

March 4, 1986, foreclosure sale involuntarily assigned Green Oaks' cause of action against Cannan for the violation of the TRO to the new owner of the apartments, Cannan, who elected not to sue himself, and (2) in the voiding of the foreclosure sale Green Oaks had elected its remedy and was estopped from seeking money damages. Green Oaks filed a combined motion for new trial and a motion for partial summary judgment on the issue of liability. Both were denied by the trial court, and Green Oaks perfected its appeal.

 When a Texas court issues an order, the order must be obeyed, even if it was issued in a flagrantly erroneous manner. *Garza v. Fleming*, 323 S.W.2d 152, 156 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). The violation of a restraining order will be excused only if the order was "absolutely void." *Ex parte Browne*, 543 S.W.2d 82, 85 (Tex.1976). An order is absolutely void if the court that issued it lacked the jurisdiction needed to do so. *Garza*, 323 S.W.2d at 156. This Court already decided that the court that issued the TRO had jurisdiction. *Green Oaks*, 696 S.W.2d at 419. The order was not, therefore, absolutely void and those persons bound by it had no choice but to obey.[1]

## ASSIGNMENT OF CAUSE OF ACTION

 Cannan justified the dismissal of the damages claim on the ground that when he foreclosed on the apartments in March 1986 he took, by way of an involuntary assignment, Green Oaks' cause of action for the damages that resulted from his violation of the TRO. But the damages cause of action belongs to Green Oaks itself and is to make up for any losses that were the result of its inability to sell the apartments due to Cannan's wrongful act. It is not a cause of action that is incidental to the apartment's title. It was not, therefore, assigned to Cannan when he foreclosed on the apartments the second time.

1. Cannan argued in its brief that the TRO was issued erroneously. This Court cannot consider the argument since it was not presented timely. Cannan should have argued it in March 1983 when he challenged the jurisdiction of the court that issued the TRO.

## ELECTION OF REMEDIES

Cannan also justified the dismissal of the damages claim on the ground that when Green Oaks sought and received the voiding of the March 1983 foreclosure sale it elected its remedy and was thereby precluded from recovering any money damages.

 An election of remedies is the choosing of one or "more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts." *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas,* 491 S.W.2d 869, 871 (Tex.1973). There is no inconsistency between allowing a plaintiff to recover a title taken wrongfully and for the damages suffered while the property was wrongfully held. During the time between the sale and when it was declared void, the apartments, according to Green Oaks, lost a significant portion of their value. The sole purpose of the doctrine of election of remedies is "to prevent double recovery for a single wrong." *McCrary v. Taylor,* 579 S.W.2d 347, 351 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.). Here, there is no possibility of a double recovery since the recovery of title by Green Oaks did not compensate it for the sale it could no longer make. Further, if Green Oaks cannot prove on remand that it suffered damages from Cannan's violation of the TRO, it will recover nothing.

## EXISTENCE OF GREEN OAKS' CAUSE OF ACTION

 Cannan further asserts that Green Oaks has no cause of action for damages because the only remedy for the violation of a court order is punishment by contempt proceedings. It is true that a court may punish a contempt by fine or imprisonment in order to vindicate its authority. *See* TEX.GOV'T CODE ANN. § 21.002 (Vernon 1987). But in addition, a litigant injured by a contempt may file a civil suit for damages. *See Edrington v. Pridham,* 65 Tex. 612, 617–618 (1886); *Beverly v. Roberts,* 215 S.W. 975, 976 (Tex.Civ.App.—Amarillo 1919, no writ). Though such private civil suits are rare, they are necessary to insure that restraining orders concerning valuable property are respected since the relatively minor penalties imposed by section 21.002 provide little incentive to follow court orders when their subject matter is worth millions of dollars. We hold as a matter of law that Green Oaks has a cause of action for money damages against Cannan because of his wrongful violation of the TRO.

## GREEN OAKS' SUMMARY JUDGMENT MOTION

Green Oaks also contends that the trial court erred in not granting his motion for summary judgment, which was filed at the same time Green Oaks filed its motion for a new trial. Cannan contends that the motion was not timely filed and lacked merit. Although we are of the opinion that the motion has merit, it is not necessary that we pass upon this contention. We have already held that Green Oaks has a cause of action for damages against Cannan because of his wrongful violation of the TRO.

## DISCOVERY PROCESS

Green Oaks next complained of two discovery orders. The first ordered Green Oaks to pay in advance the travel expenses and attorneys' fees for one of Cannan's attorneys to attend depositions set in Dallas and Houston a few days before trial was to begin. Cannan argued before the trial court that the order was necessary since Green Oaks (1) was bankrupt and would be unable to pay for any of Cannan's discovery expenses if Cannan were to win the suit and (2) had not used due diligence in scheduling the depositions. The trial court approved the protective order.

Green Oaks scheduled the following depositions: one in Dallas on March 25, 1986; two in Houston on March 26; and two in San Antonio on March 27. Trial was set for March 31, 1986.

At the March 24th hearing on Cannan's motion for protective orders the trial court asked Green Oaks' attorney if the depositions could be taken in San Antonio. Green Oaks said they could not. The trial court stated that the depositions could be taken

by written questions. Green Oaks replied that there was no time to do that.

The trial court granted Cannan's motion for protective orders and ordered the Dallas and Houston depositions not be taken unless Green Oaks first paid Cannan's attorney $1,500.00 to cover his expenses. The $1,500.00 was not paid, and the Dallas and Houston depositions were not taken.

The rule concerning protective orders provides:

> On motion specifying the grounds and made by any person against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden [or] unnecessary expense.... Specifically, the court's authority as to such orders extends to, although it is not necessarily limited by, any of the following: ... ordering that the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court....

TEX.R.CIV.P. 166b(4).

Motions for the protection of parties must be addressed to the sound discretion of the trial court, and the rules as to the taking of depositions vest broad discretion in the trial court. *Fisher v. Continental Illinois Nat'l Bank*, 424 S.W.2d 664, 670 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) (construing former rule TEX.R.CIV.P. 186b (Vernon 1976)).

■ We find the trial court did not abuse its discretion in entering the protective orders, especially since the trial court suggested alternatives which Green Oaks rejected.[2]

Green Oaks also complained that the trial court ordered that the deposition of a witness in Virginia be taken by written questions instead of the videotaped oral questions it requested. The argument presented by Green Oaks in support of this point of error is unpersuasive, particularly so since it has failed to present any authority for its contention. This point of error is overruled.

We reverse and remand for a trial on Green Oaks' cause of action for damages against Cannan for foreclosing on the apartments in violation of the TRO.

ESQUIVEL, Justice, dissenting.

I disagree with the majority's recognition of Green Oaks' cause of action.

Appellants' cause of action is not based on a wrongful foreclosure. Instead, Green Oaks contends that they possess a private remedy in the form of a cause of action against Cannan because Cannan, as the note holder, conducted a non-judicial foreclosure sale of the property in question in violation of a temporary restraining order. The central question presented is whether Cannan is liable to appellants in damages for conducting the prohibited sale, and if so, under what theory of recovery.

The majority states that a court may punish a contempt by fine or imprisonment in order to vindicate its authority, and a litigant injured by a contempt may file a civil suit for damages.

The majority concludes that Cannan's violation of the temporary restraining order automatically gives Green Oaks a cause of action based solely on the fact that the order was violated, regardless of the underlying acts of Cannan which constitute the violation. The cases relied on by Green Oaks and the majority do not stand for the proposition that a violation of a court order, in and of itself, gives rise to a cause of action.

In *Edrington v. Pridham*, 65 Tex. 612 (1886), a court appointed a receiver for a corporation. The receiver showed the order to the corporation's treasurer and demanded that the treasurer turn over the corporation's funds to the receiver. The treasurer refused. At the conclusion of a contempt proceeding, the court awarded the receiver the money that the treasurer withheld.

2. We note that on remand the trial court may decide there is no longer a need for the protective orders.

On appeal, the Texas Supreme Court found no authority for awarding damages in a contempt proceeding. The Court indicated that damages could be recoverable in, what the Court termed, a regular or civil suit. *Edrington v. Pridham,* at 617–18. The Court did not state that the violation of the court order would constitute a cause of action. Rather, the Court noted that the receiver's affidavit states facts sufficient to show the civil liability, and the answer confesses enough facts to warrant, in a regular suit, the judgment rendered. *Edrington v. Pridham* at 617.[1] In other words, the receiver had a cause of action based on the treasurer's underlying wrongful acts themselves.

Additionally, nothing in *Beverly v. Roberts,* 215 S.W. 975 (Tex.Civ.App.—Amarillo 1919, no writ), supports a conclusion that a cause of action may be grounded solely on the fact that a party violated a court order. Appellant has not presented any case, and I find no authority, which would support such a conclusion.

*Edrington* and *Beverly* only say that a person injured by a contempt may file a civil suit for damages separate from contempt proceedings. The cases do not indicate that a cause of action automatically arises from a violation of a court order.

The only breach of duty Green Oaks alleges Cannan committed was a violation of a court order. Disobeying a court order is indeed a breach of duty. Cannan's duty, however, was owed to the court. Green Oaks has not alleged that Cannan breached some duty owed to Green Oaks. It is undisputed that "but for" the issuance of the restraining order, Cannan was entitled to conduct the foreclosure sale. I would hold that the underlying act itself, which constitutes a violation of a court order, must provide the grounds for a cause of action. Accordingly, Green Oaks failed to state a cause of action in their eighth amended petition.

As stated above, disobeying a court order is a breach of a duty owed to the court.

A court order is enforceable by contempt proceedings. TEX.GOV'T CODE ANN. § 21.002 (Vernon 1987). The power to punish for contempt enables courts to persuade parties to obey a prior order of the court so that the prior order will not be rendered inefficient by recalcitrant litigants. *Ex parte Gorena,* 595 S.W.2d 841, 844 (Tex.1979). When an order is disobeyed, a court punishes the contemnor because the act affronts the dignity and authority of the court, and the purpose is to vindicate public authority. *Ex parte Werblud,* 536 S.W.2d 542, 545–46 (Tex.1976). As the *Edrington* Court noted, the judgment awarding damages does not vindicate the dignity of the court; it redresses private injury. *Edrington v. Pridham,* at 617.

In our case, the majority is circumventing the statute providing for punishment of a contempt. Here, Green Oaks alleges that Cannan violated the temporary restraining order, and as a result, Green Oaks was unable to consummate a sale of the property. The only wrongful act Green Oaks alleges that Cannan committed was the violation of the TRO. On that basis alone Green Oaks seeks damages. By recognizing Green Oaks' cause of action, this court is requiring Cannan to face a possible punishment for contempt in the way of damages recoverable by Green Oaks.

The majority acknowledges that the effect of the recognition of Green Oaks' cause of action will be to punish Cannan for contempt. This court states, "Though such private civil suits are rare, they are necessary to insure that restraining orders concerning valuable property are respected since the relatively minor penalties imposed by section 21.002 provide little incentive to follow court orders when their subject matter is worth millions of dollars." The majority is in effect allowing what the *Edrington* court held was improper—punishment of a contempt through private damages.

For the foregoing reasons, I would hold that the trial court properly dismissed

---

1. The substance of the affidavit and answer is set out in the Statement of the Case. *Edrington*

*v. Pridham,* at 615.

Green Oaks' suit, since Green Oaks did not allege a recognizable cause of action in its eighth amended petition.