**Morris CANNAN, Petitioner,**

v.

**GREEN OAKS APTS., LTD. a/k/a Green Oaks Apts., Ltd., et al., Respondents.**

**No. C–7573.**

Supreme Court of Texas.

Oct. 5, 1988.

Frederick R. Zlotucha, and Bert G. Miller, Law Offices of Frederick R. Zlotucha, Mayo J. Galindo, San Antonio, for petitioner.

Eugene Z. DuBose, Law Offices of Eugene Zemp DuBose, Dallas, for respondents.

## PER CURIAM.

At issue in this case is whether a property owner can recover damages based solely upon a violation of a Temporary Restraining Order (TRO) by the lienholder, without alleging an independent cause of action. The trial court dismissed the action for damages. The court of appeals reversed the judgment of the trial court and remanded the cause for trial. 749 S.W.2d 128. This court has earlier held that in a contempt proceeding a private party cannot recover damages for a violation of a court order. *Edrington v. Pridham*, 65 Tex. 612 (1886). Because the facts of this case do not properly place the issue of a civil remedy before this court, we need not address the issue.

Green Oaks Apartments, Ltd. owned an apartment complex in San Antonio. Morris Cannan, the first lienholder on the property, served notice of foreclosure after Green Oaks' default. Green Oaks sought and obtained a TRO enjoining the foreclosure sale. The trustee nevertheless conducted the sale in violation of the TRO and Cannan purchased the property. Green Oaks then filed an amendment to its petition for a TRO and a temporary injunction, alleging that the foreclosure sale was void and that Cannan had ousted Green Oaks. On Cannan's motion, the trial court dissolved the TRO on jurisdictional grounds and dismissed Green Oaks' amended petition. The court of appeals reversed the trial court judgment and ordered Green Oaks' action restored to the docket. *Green Oaks Apts., Ltd. v. Cannan*, 696 S.W.2d 415 (Tex.App.—San Antonio 1985, no writ).

After reinstatement by the trial court, Green Oaks amended its petition and sought damages for Cannan's violation of the TRO. The trial court held that the first foreclosure sale was void and severed out the issue of damages. After title was restored to Green Oaks, Cannan again foreclosed. On Cannan's motion the trial court dismissed Green Oaks' cause of action for damages. The court of appeals reversed, holding that green Oaks was entitled to seek money damages based on Cannan's violation of the TRO.

The issuance of a temporary restraining order, like the issuance of a temporary injunction, is to maintain the status quo between the parties. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 556, 261 S.W.2d 549, 552 (1953). Here the only basis on which Green Oaks sought recovery was Cannan's violation of the TRO. There was no independent cause of action pleaded on which Green Oaks sought recovery. There was no pleading of damages beyond those sought for the TRO's violation. Because the foreclosure which ultimately took place was not challenged and has become final, Green Oaks has shown no damages stemming from Cannan's violation of the TRO. Thus, that portion of the court of appeals decision regarding the civil remedy for violation of a TRO is unnecessary. Assuming such a cause of action exists, Green Oaks has failed to allege or prove any damages resulting from the foreclosure in violation of the TRO by not contesting the successful second foreclosure. We do not reach the question of the existence of such a cause of action. The application for writ of error is denied.