TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00008-CV






William Walter Pyle, Jr., Appellant



v.



First National Bank in Cameron, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 22,885, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING 







 William Walter Pyle, Jr. appeals from the trial court judgment rendered against him
in First National Bank's (the Bank) suit to set aside a transfer of land as fraudulent. We will
modify and affirm the judgment.


Factual and Procedural History



 This suit arises out of loans the Bank made to Pyle, which he did not repay when
due. The Bank filed suit in cause number 22,428, First National Bank in Cameron v. Pyle, 20th
Judicial District Court of Milam County. On September 18, 1991, the trial court rendered
summary judgment against Pyle in that suit for $164,465.38, $163.00 in court costs, post-judgment interest, and attorneys' fees. Pyle did not appeal that judgment, which therefore became
final October 18, 1991. (1)

 On September 17, 1991, Pyle transferred the disputed property to a partnership
called Pyco Joint Venture. Pyco had four general partners: Karen Pyle, Lee Allen Pyle, William
Walter Pyle III, and appellant Pyle. The three other partners are Pyle's children. The transfer
to the partnership consisted of three tracts of land including Pyle's 64% undivided interest in
1,419 acres and fee simple interest in 272.71 acres, and also all of his non-exempt equipment and
vehicles. Each child's undivided interest in the 1,419 acres was transferred to Pyco as well. The
partnership agreement creating Pyco allowed the other partners to buy out Pyle's interest in the
partnership for $100.00.

 Shortly after the transfer, the Bank filed the current suit. The final judgment in this
suit consists of several partial summary judgments and a jury verdict on attorneys' fees. All trial-court parties other than Pyle have settled and are no longer parties to this appeal. On appeal, Pyle
presents six issues contending that the trial court erred in: granting a judgment for attorneys' fees
when the party recovering those fees did not request or receive relief under the statute asserted
as the basis for the fee recovery; granting summary judgment based on superseded pleadings;
granting summary judgment when that judgment adjudicated issues of fact regarding intent,
solvency of a debtor, and value of property; rendering a final judgment that granted two
inconsistent forms of relief; striking pleadings without a written request to do so; and striking
pleadings for alleged misconduct, unrelated to the merits of that party's claims, which had been
separately punished. We begin with appellant's second issue.

Amended Pleadings


 In his second issue, Pyle contends that the court erred in rendering a final judgment
based in part upon a partial summary judgment because the pleadings upon which the partial
summary judgment was based were superseded. Although the Bank amended its pleadings after
the partial summary judgment disposing of the fraudulent transfer issue, the final judgment could
rely on the partial summary judgment.

 Pyle relies upon cases which present the issue of omission of claims or parties
through amendment. For example, in Sosa v. Central Power & Light, 909 S.W.2d 893, 894
(Tex. 1995), the defendant moved for summary judgment based on facts in the plaintiff's
pleadings that showed limitations barred the suit. Before the hearing on summary judgment,
however, plaintiff amended his pleadings to delete those factual allegations. The trial court struck
the second petition as untimely and granted summary judgment for defendant. See id. at 895. 
The supreme court held the amended pleadings had been timely. Therefore, the summary
judgment based on the omitted judicial admissions was improper. See id.

 In Radelow-Gittens Real Property Management v. Pamex Foods, 735 S.W.2d 558,
559 (Tex. App.--Dallas 1987, writ ref'd n.r.e.), the court dealt with the effect on the ability to
appeal when a party was omitted from amended pleadings. The court granted a partial summary
judgment in Pamex's favor. Radelow-Gittens then filed second and third amended petitions,
neither of which contained any claim against Pamex. See id. After entry of final judgment,
Radelow-Gittens attempted to appeal the partial summary judgment in favor of Pamex. The court
held that Radelow-Gittens could not appeal because it had abandoned its claim against Pamex by
the time of the final judgment. See id. at 560. The court noted that Radelow-Gittens could have
appealed if it had not abandoned its claims against Pamex. See id.; see also Frias v. Atlantic
Richfield Co., 999 S.W.2d 97, 102 (Tex. App.--Houston [14th Dist.] 1999, pet. filed) (second
amended motion for summary judgment did not incorporate grounds in first amended motion for
summary judgment; appeal could not review denial of first motion because those grounds not
before it due to amendment).

 In contrast, all grounds upon which the partial summary judgment was based
remained before the court after the Bank amended its pleading, and the final judgment could rely
on the partial summary judgment. We overrule issue two.


Fraudulent Transfer



 In issue three, Pyle contends that the partial summary judgment in the Bank's favor
voiding the transfer as fraudulent was improper because there were material disputed fact issues
concerning his intentions, his financial condition at the time of the transfers, and the value
received in exchange for the transfers. Pyle contends that any or all of these three issues are
unlikely candidates for determination by summary judgment, citing Quinn v. Dupree, 303 S.W.2d
769, 774 (Tex. 1957) (intent to defraud creditors is ordinarily a question for the jury); In re
Fairchild Aircraft Corporation, 6 F.3d 1119, 1125 n.5 (5th Cir. 1993) (reasonably equivalent
value is inherently fact laden); and Sunbelt Savings, F.S.B v. Bank One Texas, N.A., 816 S.W.2d
106, 111 (Tex. App.--Dallas 1991) (summary judgment on insolvency improper), rev'd on other
grounds, 824 S.W.2d 557 (Tex. 1992). That certain issues are not usually amenable to summary
judgment, however, does not mean that summary judgment is always inappropriate.

 Summary judgment is properly granted only when a movant establishes there are
no genuine issues of material fact to be decided and that it is entitled to judgment as a matter of
law. See Tex. R. Civ. P. 166a(c); Memorial Med. Ctr. v. Howard, 975 S.W.2d 691, 692 (Tex.
App.--Austin 1998, pet. denied). In reviewing the grant of summary judgment, we view the
evidence in the light most favorable to the non-movant and make every reasonable inference and
resolve all doubts in favor of the non-movant. See Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); Howard, 975 S.W.2d at 693. When the trial court's order
granting summary judgment does not specify the grounds relied upon, we will affirm the judgment
if it is supported by any of the grounds put forth by the movant. See Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999); Howard, 957 S.W.2d at 693.

 A transfer may be fraudulent if the debtor made the transfer without receiving a
reasonably equivalent value in exchange and the debtor was insolvent or became insolvent because
of the transaction. See Tex. Bus. & Com. Code Ann. § 24.006 (West 1987). (2) Pyle estimated the
value of the land at $900 per acre. He had a 64% undivided interest in 1419 acres; and sole
ownership in 272 acres. The evidence concerning the value of Pyle's interest in Pyco, the
transferee, was the $100.00 buyout provision in the joint venture agreement. The evidence
presented shows a significant disparity between the valuation of the land per acre, that is, the asset
transferred, and the price for which his share of the joint venture could be purchased, that is, the
value received. (3) In our opinion, the Bank has established this element of a fraudulent transfer
as a matter of law.

 The other element of a fraudulent transfer that the Bank needed to establish was
Pyle's insolvency at the relevant time. Within ninety days of the transfer to Pyco, Pyle filed for
bankruptcy. (4) A bankrupt debtor is judicially estopped from refuting statements made in
bankruptcy at a later time. See Stewart v. Hardie, 978 S.W.2d 203, 208 (Tex. App.--Fort Worth
1998, pet. denied). In general, pleadings in a particular case are regarded as formal judicial
admissions. See Dowelanco v. Benitez, 4 S.W.3d 866, 871 (Tex. App.--Corpus Christi 1999, no
pet.); Cameron County v. Velasquez, 668 S.W.2d 776, 782-83 (Tex. App.--Corpus Christi 1984,
writ ref'd n.r.e.). Pleadings in another case that are inconsistent with a party's position in a
present action are quasi-admissions. See Dowelanco, 4 S.W.3d at 871; Velasquez, 668 S.W.2d
at 782-83. Quasi-admissions are treated as judicial admissions when it appears: (1) the
declaration was made during the course of a judicial proceeding; (2) the statement is contrary to
an essential fact embraced in the declarant's theory of recovery or defense; (3) the statement is
clear, deliberate, and not a mistake; (4) giving conclusive effect to the admission will not be
contrary to the public policy on which the rule is based; and (5) the statement is not destructive
of the offering party's theory of recovery. See Mendoza v. Fidelity & Guar. Ins. Underwriters,
Inc., 606 S.W.2d 692, 694 (Tex. 1980); Dowelanco, 4 S.W.3d at 871.

 Any transfer of an interest in property that benefits a creditor may be avoided if
the transfer is made within ninety days before the date of the filing of the bankruptcy petition. 
See 11 U.S.C. § 547(b) (1988). For purposes of such avoidance, the bankruptcy code presumes
insolvency during that period. See id. at § 547(f). Pyle's bankruptcy filing stated that any claims,
liens or abstracts of judgment held by the Bank that were based on the judgment on the note were
voidable preferences. By asserting that the Bank's claims would be voidable, Pyle invoked the
presumption that he was insolvent during this period, which was the period of the transfers to
Pyco. Pyle's bankruptcy statement fits the test for a judicial admission: it was made during the
course of a judicial proceeding; it is contrary to an essential fact in his theory of defense (the
claim of solvency as a defense to fraudulent transfer); giving conclusive effect to the statement
fits the policy behind the rule; and, the statement was clear and deliberate and does not destroy
the Bank's theory of recovery. Accordingly, we hold that Pyle conclusively admitted insolvency
based on his prior bankruptcy pleadings.

 Additionally, one definition for insolvency under Texas law is "generally not being
able to pay debts as they come due." Tex. Bus. & Com. Code Ann. § 24.003(b) (West Supp.
2000). Pyle, in response to a question during his deposition about whether he was paying debts,
answered he was not because he "just ha[s]n't had the money." When asked about the land, he
replied, "haven't got the land." Pyle asserted that he was solvent and that his assets and liabilities
were "about the same." However, those assertions find no evidentiary support because his
bankruptcy pleadings showed he was not paying his creditors.

 Pyle asserts that intent is not amenable to summary judgment, but intent is not an
element of fraudulent transfer under section 24.006. Compare Tex. Bus. & Com. Code Ann.
§ 24.006 with Tex. Bus. & Com. Code Ann. § 24.005(a) (actual intent to defraud or hinder
creditor required). The Bank pleaded more than one fraudulent transfer theory, and has offered
proof of a fraudulent transfer upon which the court could properly have granted summary
judgment. We overrule the third issue presented.


"Double Recovery"



 In his fourth issue, Pyle complains that the judgment is fatally inconsistent because
it both voids the real estate transfer from Pyle to Pyco and awards the Bank monetary relief. He
argues that setting aside the allegedly fraudulent transfer was one form of relief potentially
available to the Bank under the fraudulent transfer statute. See Tex. Bus. & Com. Code Ann.
§ 24.008(a)(1) (West 1987). He contends that judgment against the transferee for the value of the
asset transferred (or the amount of the Bank's claim, whichever is less) was a second form of
relief potentially available to the Bank, but only as an alternative to voiding the transfer. See id.
at § 24.009(b). (5)

 Pyle is attempting to invoke the doctrine of election of remedies. The election of
remedies doctrine bars relief only when (1) one has made an informed choice (2) between two or
more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest
injustice. See Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848, 851 (Tex. 1980). The purpose
of the election of remedies doctrine is to prevent double recovery for a single wrong. See Green
Oaks, Ltd. v. Cannan, 749 S.W.2d 128, 131 (Tex. App.--San Antonio 1987), writ denied per
curiam, 758 S.W.2d 753 (Tex. 1988). A plaintiff is entitled to only one satisfaction for injuries
sustained. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 7 (Tex. 1992). The "one
satisfaction" rule applies to prevent a plaintiff from obtaining more than one recovery for the same
injury. See id. That a judgment awards more than one form of relief does not automatically mean
a "double recovery" has occurred.

 In Green Oaks, Ltd., the plaintiff sought to void an illegal foreclosure and to
recover monetary damages caused as a result of the foreclosure. 749 S.W.2d at 129. The
plaintiff was successful in having the foreclosure declared void. See id. The defendant contended
that by voiding the sale the plaintiff had elected his remedy and was precluded from seeking
money damages. See id. at 131. The court held that no election of remedies was required
because there was no inconsistency between allowing a plaintiff to recover a title taken wrongfully
and for the damages suffered while the property was wrongfully withheld. See id.

 One problem with Pyle's argument is that he has misinterpreted the judgment. The
judgment set aside the transfer with regard to the Bank's claim. It did not, however, attempt to
award the land to the Bank; it simply returned the land to the status of an asset of Mr. Pyle. 
Merely setting aside the transfer did not satisfy the Bank's claim. The monetary relief awarded
in this judgment was not an award of the value of the asset transferred. The Bank brought this
suit to enforce an existing judgment. The judgment in this second suit basically "incorporated"
that first judgment, added the accrued interest, and awarded that monetary relief to the Bank. 
Accordingly, the judgment in this cause does not award a double recovery. We overrule the
fourth issue presented.


Attorneys' Fees



 In his first issue presented, Pyle complains that no basis exists for the award of
attorneys' fees. The Bank responds that attorneys' fees are authorized because this is a suit to
collect a judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West Supp. 2000) (the
turnover statute). Although section 31.002(e) authorizes attorneys' fees, its scope is not broad
enough to do so in this cause because this is not a proceeding under the turnover statute. See
§ 31.002 (e). (6)

 Section 31.002, the "turnover" statute, is not a general authorization for attorneys'
fees in any proceeding to collect a judgment. The turnover statute is a purely procedural statute
whose purpose is to ascertain whether an asset is in either the judgment debtor's possession or
subject to the debtor's control. See Beaumont Bank, N. A. v. Buller, 806 S.W.2d 223, 227 (Tex.
1991). It does not allow for a determination of the substantive rights of involved parties. See
Cross, Kieschnick & Co. v. Johnston, 892 S.W.2d 435, 439 (Tex. App.--San Antonio 1994, no
writ); Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex. App.--Houston [14th Dist.] 1992,
orig. proceeding); Craven, Dargan & Co. v. Travers Co., Inc., 770 S.W.2d 573, 576 (Tex.
App.--Houston [1st Dist.] 1989, writ denied) (turnover statute improper vehicle to determine
whether debtor owned funds deposited with State Board of Insurance); see also RTC v. Smith, 53
F.3d 72, 77 (5th Cir. 1995) (applying Texas law). In order to obtain attorneys' fees under this
section, the creditor must be successful in obtaining turnover relief. See Boudreax Civic Ass'n
v. Cox, 882 S.W.2d 543, 550 (Tex. App.--Houston [1st Dist.] 1994, no writ); Daniels v. Pecan
Valley Ranch, Inc., 831 S.W.2d 372, 386 (Tex. App.--San Antonio 1992, writ denied). 

 Although the Bank's pleadings asked for attorneys' fees in reliance on section
31.002, we cannot construe the judgment in this cause as awarding turnover relief to the Bank.
As we have discussed, the judgment set aside the transfer of Pyle's assets to Pyco to the extent
necessary to satisfy the Bank's judgment against Pyle. (7) The substance of this action is a
fraudulent transfer action, not a turnover action. Perhaps in theory, the setting aside of the
transfer could be viewed as "otherwise applying the property to the satisfaction of the judgment"
as provided for in section 31.002(2), but that theory runs afoul of the caselaw that prohibits a
turnover action from being used to determine substantive property rights. Accordingly, as the
Bank claims no other basis for an award of attorneys' fees and we find none, we sustain Pyle's
first issue presented, and modify the judgment to eliminate the award of attorneys' fees in this
cause.

Remaining Points


 In issue five, Pyle contends that the trial court improperly struck his pleadings
because there was no written request to strike the pleadings. In issue six, he claims that the trial
court improperly struck his pleadings for alleged misconduct unrelated to the merits of his claim.

These events occurred after rendition of judgment in this cause and were based on Pyle's violation
of an injunction against the transfer of certain assets. Because we will modify and affirm the trial
court judgment based on the entire record of the case as it existed before the court struck Pyle's
pleadings, we need not consider whether there was any error in post-judgment events.
Accordingly, we overrule issues five and six without further discussion.


Conclusion



 We have overruled all of Pyle's issues presented, except for the issue concerning
attorneys' fees, which we have sustained. Accordingly, we modify the judgment to delete the
award of $158,000 in attorneys' fees, and, as modified, affirm.




 



 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Modified and, as Modified, Affirmed

Filed: April 20, 2000

Do Not Publish
1. The trial court in the current cause took judicial notice of all of the papers and pleadings
contained within cause number 22,428.
2. There is no dispute that the Bank was a creditor or that the claim arose before the transfer
was made, other elements of this provision.
3. Pyle also transferred some farm equipment to the joint venture, which would increase the
value transferred to Pyco.
4. Pyle's bankruptcy case terminated before the final judgment in this cause. During the
pendency of this appeal, Pyco, while still a party to the appeal, filed bankruptcy, causing an
abatement of this appeal. Pyco has since settled with the Bank.
5. However, this section concerns a judgment against a transferee. Mr. Pyle is not a transferee
against whom relief has been awarded. Pyco, the transferee, has settled with the Bank and is not
an appellant.
6. This issue concerns the award of $158,000 in attorneys' fees in trial court cause 22,885, the
cause on appeal. It does not concern any award of attorneys' fees in cause 22,428, the suit to
collect on the note.
7. Because all other parties have settled, we do not address any issues about the judgment's
assessment of liability against Pyle and the others in their capacity as joint venturers in Pyco.



 App.--San Antonio 1994, no
writ); Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex. App.--Houston [14th Dist.] 1992,
orig. proceeding); Craven, Dargan & Co. v. Travers Co., Inc., 770 S.W.2d 573, 576 (Tex.
App.--Houston [1st Dist.] 1989, writ denied) (turnover statute improper vehicle to determine
whether debtor owned funds deposited with State Board of Insurance); see also RTC v. Smith, 53
F.3d 72, 77 (5th Cir. 1995) (applying Texas law). In order to obtain attorneys' fees under this
section, the creditor must be successful in obtaining turnover relief. See Boudreax Civic Ass'n
v. Cox, 882 S.W.2d 543, 550 (Tex. App.--Houston [1st Dist.] 1994, no writ); Daniels v. Pecan
Valley Ranch, Inc., 831 S.W.2d 372, 386 (Tex. App.--San Antonio 1992, writ denied). 

 Although the Bank's pleadings asked for attorneys' fees in reliance on section
31.002, we cannot construe the judgment in this cause as awarding turnover relief to the Bank.
As we have discussed, the judgment set aside the transfer of Pyle's assets to Pyco to the extent
necessary to satisfy the Bank's judgment against Pyle. (7) The substance of this action is a
fraudulent transfer action, not a turnover action. Perhaps in theory, the setting aside of the
transfer could be viewed