NO. 12-02-00168-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TERRY DWAIN TURNER,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Terry Dwain Turner ("Appellant") appeals his conviction for violation of a protective order. 
In his sole issue, Appellant argues the trial court lacked jurisdiction. We affirm.


Background

 On June 22, 2001, a protective order was entered pursuant to the Family Code prohibiting
Appellant from going within 200 yards of the residence, place of employment, or known location of
Cheri Jean Buchanan ("Buchanan"). The order, signed by the judge of the county court at law of
Hopkins County, stated that the trial court had jurisdiction over the parties and the subject matter.
Further, the order was effective immediately and was to continue in effect until June 22, 2003. 

 By complaint and information filed on August 27, 2001, the State charged that, on or about
July 8, 2001, Appellant violated the protective order by intentionally or knowingly going to or near 
Buchanan's location in Smith County. However, on September 21, 2001, the court in Hopkins
County entered an agreed temporary restraining order and order vacating protective order. The court
found that, "[a]fter due consideration of the agreement of the parties," its previous protective order
of June 22, 2001 is a "void order," and that "no legal disabilities, causes of action, or other legal
consequence, should attach or arise" from the order. Then, the court vacated its previous protective
order and declared it void ab initio.

 On May 20, 2002, a jury trial was held in the County Court at Law No. 2 of Smith County on
Appellant's violation of the June 22, 2001 protective order. Appellant, appearing pro se, attempted
to admit into evidence the Hopkins County order vacating the protective order, but the trial court
refused to admit the order. On May 20, 2002, a jury convicted Appellant of violating the protective
order, a misdemeanor, as charged in the information, and assessed punishment at confinement for
four months and a fine of $1,000. (1) This appeal followed.


Challenge to the Jurisdiction

 Appellant argues that the trial court was without jurisdiction to hear the case because the
protective order he allegedly violated was void ab initio prior to the trial. The State contends that the
trial court had jurisdiction, and argues that the previous protective order was not void, but was in full
force and effect when the violation occurred.

Applicable Law

 Jurisdiction of a court is an absolute right, one that is nonwaivable and nonforfeitable.
McGowan v. State, 938 S.W.2d 732, 740 (Tex. App.-Houston [14th Dist.] 1996), aff'd sub nom.
Weightman v. State, 975 S.W.2d 621 (Tex. Crim. App. 1998) (citing Marin v. State, 851 S.W.2d
275, 279 (Tex. Crim. App. 1993)). A lack of jurisdiction is fundamental error, and is appealable even
if raised for the first time on appeal. Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995). 
If a court lacks jurisdiction over a case, the judgment is void (2) and may be collaterally attacked. Ex
parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001). Likewise, an order is "absolutely void"
if the issuing court lacked jurisdiction. Green Oaks, Ltd. v. Cannan, 749 S.W.2d 128, 130 (Tex.
App.-San Antonio 1987), writ denied per curiam, 758 S.W.2d 753 (Tex. 1988). Moreover, if a
document is void or void ab initio, it is as if the document did not exist because it was ineffective
from the beginning. Commonwealth Land Title Ins. Co. v. Nelson, 889 S.W.2d 312, 318 (Tex.
App.-Houston [14th Dist.] 1994, writ denied). Further, there must be no question about the existence
of the fundamental defect in the record. Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001);
see Dillard v. State, No. 05-00-01745-CR (Tex. App.-Dallas Dec. 20, 2002, no pet.) (not designated
for publication), 2002 WL 31845796 at *4 (stating that a judgment containing recitations that
jurisdiction has been "activated" is not void, merely voidable).

Discussion

 Appellant argues that the court lacked jurisdiction because the information was defective
when it alleged violation of a void protective order. The protective order may be void if the issuing
court lacked jurisdiction and this jurisdictional defect must appear in the record. See Green Oaks,
Ltd., 749 S.W.2d at 130; Nix, 65 S.W.3d at 668. The protective order of June 22, 2001 declared that
the court had jurisdiction over the parties and the subject matter. Further, the order vacating the
protective order did not allege any jurisdictional defects in the prior order. Therefore, the protective
order is not void. Moreover, a protective order may be modified, but, until further action by the court
rendering the order, it is valid and enforceable. Tex. Fam. Code Ann. §§ 85.009, 87.001 (Vernon
2002). Although the protective order was modified by a later order, it was still in effect on July 8,
2001, the date of the offense. Therefore, the information was not deficient because it alleged
violation of a valid and enforceable protective order. Because the issuing court had proper
jurisdiction and the protective order was valid on the date of the offense as alleged in the information,
the trial court had jurisdiction over the case. Accordingly, Appellant's sole issue is overruled.


Conclusion

 Based upon our review of the record, we hold that the trial court had jurisdiction. 
Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice

Opinion delivered September 30, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)
1. Violation of a protective order is a Class A misdemeanor. Tex. Pen. Code Ann. § 25.07 (Vernon 2003).
The punishment range for a Class A misdemeanor is confinement in jail for a term not to exceed one year, a fine not
exceeding $4,000, or both. Tex. Pen. Code Ann. § 12.21 (Vernon 2003).
2. Black's Law Dictionary defines void as "[o]f no legal effect; null" and void ab initio as "null from the
beginning." Black's Law Dictionary 1568 (7th ed. 1999).