Affirmed and Opinion filed September 22, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00142-CV

____________

 

KIMBERLY HAWKINS, M.D., Appellant

 

v.

 

ALBERTO AND AMY HERRERA, AS NEXT FRIENDS OF TIANA
HERRERA, A MINOR, Appellees

 

 



 

On Appeal from the
80th District Court

Harris County,
Texas

Trial Court Cause
No. 2008-48115

 



 

O P I N I
O N








Appellant, Kimberly Hawkins, M.D., the defendant in a
medical-malpractice lawsuit, was served with four expert reports critical of
her medical care of Amy Herrera and Tiana Herrera.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 74.351(a) (Vernon 2005 & Supp. 2008).  In this interlocutory
appeal, Hawkins contends the trial court abused its discretion by denying her
motion to dismiss the suit.  See id. ' 51.014(a)(9) (Vernon 2008).  Here,
she argues that, notwithstanding the four expert reports, dismissal was
mandatory because (1) the latter two reports were not timely served, and (2)
the first two reports, while timely served, are not sufficient under the
statute.  See id. ' 74.351(l).  However, although Hawkins objected to the
adequacy of the two timely-served reports, she did not ask the trial court to
rule on those objections.  Thus, she has not preserved that complaint for
appeal and therefore cannot demonstrate an abuse of discretion by the trial court. 
Accordingly, we affirm the trial court=s judgment.

                                                               Background

On January 6, 2006, the Herreras filed the first of two
health-care liability claims (the A2006 suit@) against Hawkins, alleging
negligence in connection with the birth of their daughter.  Within the first
120 days after filing suit, the Herreras served upon Hawkins two expert
reports, both authored by Donald J. Coney, M.D., that criticized Hawkins=s medical care.  See Act
of June 2, 2003, 78th Leg., R.S., ch. 204, ' 10.01 sec. 74.351(a), 2003 Tex. Gen.
Laws 847, 875 (amended 2005) (current version at Tex. Civ. Prac. & Rem.
Code Ann. ' 74.351(a) (Vernon Supp. 2008)).[1]  Hawkins
timely filed objections to the sufficiency of both reports, but she did not
move to dismiss the 2006 suit and did not present those objections to the trial
court for ruling.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a), (b), (l); Tex. R.
App. P. 33.1(a).








For reasons not relevant to this appeal, the Herreras
non-suited their 2006 suit against Hawkins in June 2008.  At that time, Hawkins
still had not asked the trial court to rule on her objections to Coney=s expert reports.  A month later, the
Herreras re-filed their lawsuit (the A2008 suit@) against Hawkins, raising the same
allegations as before.  In November 2008, they served two more expert reports
on Hawkins, including a third report from Dr. Coney and an additional report
from John Seals, M.D.  Thus, the Herreras have served four expert reports on
Hawkins:  two during the 2006 suit, and two more in the 2008 suit raising the
same allegations.

Hawkins moved to dismiss the 2008 suit, contending the two
reports served in November 2008 were untimely because the Herreras= expert-report deadline expired 120
days after the filing of the first suit in 2006.  The Herreras filed a written
response, to which they attached the 2006 reports, and argued that, even
assuming the truth of Hawkins=s argument, they still complied with the expert-report
requirement by timely serving the first two reports.  Once again, Hawkins did
not ask the trial court to rule on her earlier objections to the adequacy of
the 2006 reports.  Instead, she argued, Athe sufficiency of these [2006]
expert reports was timely objected to by Defendant Hawkins in the previous suit
and Plaintiff=s [sic] nonsuit prohibits Defendant=s ability to have this Court hear the
sufficiency of the 2006 expert reports.@

At the hearing, Hawkins explicitly challenged the sufficiency
of the 2008 reports, but not the 2006 reports.  After she conceded the first
two reports had been timely served, the trial court stated:

But I=m going to
overrule the objection on the timing.  It appears that the expert report was
timely filed and giving [sic] the provider notice of the claim when the suit
was originally filed.  Because that sort of cuts both ways, just as if it hadn=t been they wouldn=t
get a new 120 days, but they did file the report and I=m going to find it was filed timely.

 








That day, the trial court signed an order denying Hawkins=s motion to dismiss without
specifying the basis for its ruling.  This interlocutory appeal followed.  In
one issue, Hawkins contends the trial court abused its discretion by denying
her motion to dismiss, arguing (1) the 2008 reports were not timely served and
could not be considered, and (2) none of the four tendered reports are
sufficient to satisfy the statutory requirements for an expert report.

                                                                    Analysis

A.        Standard
of Review

A medical-malpractice plaintiff must, within the first 120
days of suit, serve on the defendant or her attorney one or more Aexpert reports@ that set forth (1) the applicable
standard of care, (2) the manner in which the defendant=s care failed to satisfy that
standard, and (3) the causal relationship between the defendant=s failure and the injury or damages
claimed.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a), (r)(6).  Generally, if
the plaintiff fails to timely serve an expert report within the statutory
deadline, the trial court must dismiss the lawsuit with prejudice.  See id.
' 74.351(b).  By contrast, if the
plaintiff has timely served a report on the defendant, the trial court cannot
dismiss the lawsuit unless the proffered report does not represent an objective
good-faith effort to comply with the statutory requirements for such a report. 
See id. ' 74.351(l).

We review the trial court=s denial of a motion to dismiss under
section 74.351 for an abuse of discretion.  See Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001); Baylor Coll.
of Med. v. Pokluda, 283 S.W.3d 110, 116 (Tex. App.CHouston [14th Dist.] 2009, no pet.). 
A trial court abuses its discretion if it acts in an arbitrary or unreasonable
manner or without reference to any guiding rules or principles.  Bowie Mem=l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002).

B.        Application
to Facts








Initially, Hawkins contends the trial court could not
consider the two reports served in November 2008 because they were not timely
served.  She notes the original expert-report deadline expired in May 2006,
that is, 120 days after the first suit was filed, and argues this
deadline could not be restarted simply by non-suiting the 2006 suit and
re-filing the same claim in 2008.

At first blush, this case appears to resemble Mokkala v.
Mead, in which a panel majority of this court held that the plaintiffs= 120-day period ran from the
inception of their first lawsuit against the same health-care provider.  178
S.W.3d 66, 71 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).  Thus, in Mokkala,
the majority specifically rejected the plaintiffs= claim that they could somehow revive
an expired expert-report deadline through a new suit raising the same claims:  AAllowing a plaintiff to restart the
period for serving an expert report by simply nonsuiting her health care
liability claim and refiling that same claim, could effectively expand the
120-day period to well over two years.@  Id. at 76.

However, this case is distinct from Mokkala because,
by the time the Herreras non-suited their 2006 claim, they had already
attempted to comply with section 74.351(a) by serving two expert reports within
the 120-day deadline.  Cf. id. (addressing case in which no reports were
served within 120 days of the filing of first lawsuit).  Therefore, this case
does not fit within the category of cases encompassed by section 74.351(b),
which mandates dismissal when no report has been timely served.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(b).

Instead, to secure a dismissal of the Herreras= lawsuit, Hawkins was required to
demonstrate, through a motion challenging the adequacy of the two timely-served
reports, that neither report represented a good-faith effort to satisfy the
statutory requirements for an expert report.  See id. ' 74.351(l).  That scenario has
not come to pass, because Hawkins has never asked the trial court to decide the
adequacy of the 2006 reports.








In an attempt to overcome that procedural hurdle, Hawkins
insists the burden of securing a ruling on the adequacy of the 2006 reports
somehow belongs to the Herreras, not her.  As she argues in her brief,
the Herreras Afailed to obtain a ruling from the trial court that their 2006 Expert
Reports were sufficient . . . and cannot now rely on the 2006 Expert Reports in
the 2008 Lawsuit without such determination.@

Hawkins cites no authority, nor have we found any, supporting
the unusual claim that the burden of securing a ruling on an objection rests on
the non-objecting party.  Simply put, that misplaces the
responsibility.  The burden explicitly falls on the objecting party, see
Tex. R. App. P. 33.1(a), and section 74.351(l) is no exception to
that rule.  It states, AA court shall grant a motion challenging the adequacy
of an expert report only if it appears to the court, after hearing, that
the report does not represent an objective good faith effort to comply
with the definition of an expert report in Subsection (r)(6).@  Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(l) (emphasis added). 
Thus, in the context of challenges to the adequacy of an expert report, this
section naturally places the burden on the objecting party, here, Hawkins, to
secure a ruling.  See id.

Hawkins has neither presented her objections to the adequacy
of the 2006 reports to the trial court, nor obtained a ruling on those
complaints.  Therefore, we decline to address those objections for the first
time on appeal.  See Tex. R. App. P. 33.1(a); Galtex Prop. Investors,
Inc. v. City of Galveston, 113 S.W.3d 922, 926 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

Because Hawkins did not ask the trial court to find the
timely-served reports inadequate under Section 74.351(l), she has not
demonstrated that the trial court abused its discretion by denying her motion
to dismiss the Herreras= lawsuit.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(l).  Therefore, we
overrule appellant=s only issue and affirm the trial court=s judgment.[2]








                                                                CONCLUSION

Finding no merit in the issue presented, we affirm the trial
court=s judgment.

 

 

/s/      Kent
C. Sullivan

Justice

 

Panel
consists of Chief Justice Hedges, and Justices Seymore and Sullivan.

 









           [1]
In 2005, the Legislature changed some of the wording of section 74.351(a) to
clarify the starting date for a claimant=s
120-day period in which to serve expert reports, at least as to causes of
action accruing after September 1, 2005.  See Act of May 18, 2005,
79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590, 1590.  The Herreras= claims, which accrued before the amendment=s effective date, are still governed by the prior
version of section 74.351(a).  See id. '' 2, 3.  In any event, the amendment is not germane to the parties= dispute here, as Hawkins concedes Dr. Coney=s first two reports were timely served.





           [2] 
Because we affirm the judgment due to Hawkins=s failure to preserve her objections to the timely-served 2006 reports,
we need not address her complaints about the timeliness and adequacy of the
2008 reports.  See Tex. R. App. P. 47.1.